**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-CV-00596-DAE |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S
<u>MOTION TO DISMISS COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

    A.    The Asserted Patents and Plaintiff's Litigation Campaign . . . . . . . . . . . . . . . . . .2

    B.    Mr. Golden's Litigation Against the United States . . . . . . . . . . . . . . . . . . . . . . . .2

    C.    Mr. Golden's Previous Litigation Against Samsung . . . . . . . . . . . . . . . . . . . . . . .4

    D.    Mr. Golden's Complaint in This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I.    The Court Should Dismiss All Counts of Plaintiff's Complaint . . . . . . . . . . . . . . . . . . .7

    A.    Res Judicata and Bars All Counts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

    B.    The *Kessler* Doctrine Bars all Counts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

II.    The Court Should Dismiss All Claims in Plaintiff's Complaint . . . . . . . . . . . . . . . . . . .12

III.    The Court Should Deny Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

# TABLE OF AUTHORITIES

*Cases*                                                                                                    Page

*Anderson v. 21st Mortg. Corp.*,
No. 15-200, 2016 WL 11582928 (W.D. Tex. Sept. 26, 2016) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Artesia Springs, LLC v. DS Waters of Am., Inc.*,
No. 14-791, 2015 WL 12712643 (W.D. Tex. Jan. 13, 2015),
*R. & R. adopted,* 2015 WL 12712644 (W.D. Tex. Jan. 31, 2015) . . . . . . . . . . . . . . . . . . . . . 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Askan v. FARO Techs., Inc.*,
No. 22-2117, 2023 WL 4101351 (Fed. Cir. June 21, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Avila v. Ocwen Loan Servicing, LLC*,
No. 14-460, 2014 WL 12580450 (W.D. Tex. June 6, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Brain Life, LLC v. Elekta Inc.*,
746 F.3d 1045 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Brewster v. Dretke*,
587 F.3d 764 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Brown v. Felsen*,
442 U.S. 127 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Duffie v. United States*,
600 F.3d 362 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*,
No. 18-1335, 2019 WL 2601347 (W.D. Tex. June 25, 2019) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Foster v. Hallco Mfg. Co.*,
947 F.2d 469 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*G&G Closed-Cir. Events, LLC v. Kelpim, Inc.*,
No. 24-408, 2025 WL 3769290 (W.D. Tex. Aug. 31, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Golden v. Intel Corp.*,
642 F. Supp. 3d 1066 (N.D. Cal. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**TABLE OF AUTHORITIES**

*(continued)*

*Cases*            *Page*

*Golden v. Qualcomm Inc.,*
     No. 22-3283, 2023 WL 2530857 (N.D. Cal. Mar. 15, 2023) . . . . . . . . . . . . . . . . . . . . . . . . 14

*Golden v. Samsung Elecs. Am., Inc.,*
     No. 23-48, 2023 WL 3919466 (N.D. Cal. June 8, 2023) . . . . . . . . . . . . . . . . . . . . 8, 11, 12, 14

*Golden v. Samsung Elecs. Am., Inc.,*
     No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Golden v. Samsung Elecs. Am., Inc.,*
     No. 23-48, 2023 WL 3919466 (N.D. Cal. June 8, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

*Golden v. Samsung Elecs. Am., Inc.,*
     144 S. Ct. 1395 (2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Golden v. United States,*
     156 Fed. Cl. 623 (2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Golden v. United States,*
     No. 22-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Golden v. United States,*
     171 Fed. Cl. 33 (2024)
     *aff'd*, No. 24-2256, 2025 WL 900873 (Fed. Cir. Mar. 24, 2025) . . . . . . . . . . . . . . . . . . . 10, 11

*Hall v. Hodgkins,*
     305 F. App'x 224 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Herrmann v. Bridger*,
     No. 24-545, 2024 WL 4849079 (W.D. Tex. Nov. 20, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.,*
     49 F.3d 1551 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ireland v. Simmons*,
     No. 25-162, 2025 WL 3776816 (W.D. Tex. Dec. 31, 2025) . . . . . . . . . . . . . . . . . . . . . . . . 14

*Kessler v. Eldred*,
     206 U.S. 285 (1907) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*,
     590 U.S. 405 (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

**TABLE OF AUTHORITIES**
*(continued)*

| *Cases* | *Page* |
|---|---|

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha,*
58 F.3d 616 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*MAZ Encryption Techs., LLC v. Blackberry Ltd.,*
347 F. Supp. 3d 283 (N.D. Tex. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Muhammad v. Wiles,*
No. 19-51, 2023 WL 3143434 (W.D. Tex. Feb. 14, 2023),
*R. & R. adopted,* 2023 WL 3676954 (W.D. Tex. May 26, 2023) . . . . . . . . . . . . . . . . . . . . . 14

*Nystrom v. Trex Co.,*
580 F.3d 1281 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re PersonalWeb Techs. LLC,*
961 F.3d 1365 (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Pervasive Software Inc. v. Lexware GmbH & Co. KG,*
688 F.3d 214 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Petro–Hunt, L.L.C. v. United States,*
365 F.3d 385 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Red Rock Analytics, LLC v. Apple Inc.,*
No. 21-346, 2021 WL 5828368 (W.D. Tex. Dec. 8, 2021) . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Seven Networks, LLC v. Motorola Mobility LLC,*
No. 21-1036, 2022 WL 426589 (N.D. Tex. Feb. 10, 2022) . . . . . . . . . . . . . . . . . . . . . . . . 11

*SimpleAir, Inc. v. Google LLC,*
884 F.3d 1160 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-12

*In re Southmark Corp.,*
163 F.3d 925 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Stripling v. Jordan Prod. Co., LLC,*
234 F.3d 863 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Vitro Asset Corp.,*
656 F. App'x 717 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wade v. Household Fin. Corp.,*
No. 17-148, 2017 WL 2533535 (W.D. Tex. June 8, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . 8

**TABLE OF AUTHORITIES**
*(continued)*

|  |  |
|---|---|
| *Cases* | *Page* |

*Washington v. Caterpillar Inc.*,
  No. 24-310, 2025 WL 782305 (W.D. Tex. Mar. 3, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Wicker v. Seterus, Inc.*,
  No. 15-331, 2016 WL 2622017 (W.D. Tex. May 5, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Windmann v. Sun Life Assurance Co. of Canada*,
  No. 16-61, 2016 WL 11591768 (W.D. Tex. Dec. 15, 2016) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Wis. Alumni Rsch. Found. v. Apple Inc.*,
  112 F.4th 1364 (Fed. Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Xiaohua Huang v. Huawei Techs. Co.*,
  787 F. App'x 723 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Statutes and Rules*

28 U.S.C. § 1338(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1498(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Other Authorities*

18 Wright & Miller, *Federal Practice and Procedure* § 4407 (3d ed. 2016) . . . . . . . . . . . . . . . . 9

*Golden v. Samsung Elecs. Am., Inc.*,
  No. 23-48, Docket No. 1 (N.D. Cal. Jan. 5, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 11

*Golden v. Samsung Elecs. Am., Inc.*,
  No. 23-48, Docket No. 7 (N.D. Cal. Feb. 21, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Golden v. Samsung Elecs. Am., Inc.*,
  No. 23-48, Docket No. 38 (N.D. Cal. June 13, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Golden v. Samsung Elecs. Am., Inc.*,
  No. 23-48, Docket No. 39 (N.D. Cal. June 15, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Golden v. Samsung Elecs. Am., Inc.*,
  No. 23-48, Docket No. 40 (N.D. Cal. June 22, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## <u>TABLE OF AUTHORITIES</u>
*(continued)*

| *Cases* | *Page* |
|---|---|

*Golden v. Samsung Elecs. Am., Inc.,*
No. 23-2120, Docket No. 30 (Fed. Cir. Mar. 12, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Golden v. United States,*
No. 13-307, Docket No. 1 (Fed. Cl. May 1, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Golden v. United States,*
No. 13-307, Docket No. 195 (Fed. Cl. Nov. 3, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Golden v. United States,*
No. 13-307, Docket No. 240 (Fed. Cl. Sept. 1, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

*Golden v. United States,*
No. 13-307, Docket No. 251 (Fed. Cl. Nov. 23, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## INTRODUCTION

This is the third time that plaintiff Larry Golden has asserted patent infringement claims regarding Samsung devices. Every court that has examined Mr. Golden's claims has found them meritless. This Court should do the same.

Mr. Golden first sued the United States in the Court of Federal Claims regarding, among other things, its alleged use of Samsung devices. After eight years of litigation, Mr. Golden was unable to formulate an infringement theory, and the Court dismissed his claims with prejudice. Mr. Golden appealed, and lost.

Mr. Golden then sued Samsung in the Northern District of California, asserting the same patents against the same products. The court found Mr. Golden's claims barred by res judicata and the *Kessler* doctrine, and also found that he was unable to formulate an infringement theory. Again, the Court dismissed his claims with prejudice. Again, Mr. Golden appealed, and lost.

In this Court, Mr. Golden now seeks a third bite of the apple. The Court can and should dismiss his claims under res judicata and the *Kessler* doctrine. Separately, on all four claims, Mr. Golden remains unable to formulate an infringement theory. He does not seek to hide this failure, but claims instead that he need not allege infringement because he has already won that issue in his previous cases—all of which he actually lost. The court should dismiss this action in its entirety.

Mr. Golden's allegations in this action are meritless, just like all his previous allegations. The Court should not condone Mr. Golden's serial reassertion of deficient allegations, but follow other courts in denying leave to amend and dismissing Mr. Golden's complaint with prejudice.

## BACKGROUND

### A.  The Asserted Patents and Plaintiff's Litigation Campaign

Plaintiff Larry Golden holds twelve patents including the four he asserts in this action, U.S. Patent Nos. 9,096,189, 9,589,439, 10,163,287, and 10,984,619.  All of the asserted patents are related and trace back to a common parent, application no. 12/657,356.  Since 2013, Mr. Golden has asserted his portfolio in an unsuccessful litigation campaign, filing fifteen complaints claiming infringement of eleven patents against the United States of America as well as Apple, Google, Intel, Qualcomm, and Samsung.[1]  None of Mr. Golden's claims have made it past the pleading stage.  *See id.*  Mr. Golden's patents in this action claim "anti-terrorist detection and prevention systems," specifically, "a chemical/biological/radiological detector unit with a disabling locking system for protecting products that can be grouped into several product groupings, from terrorist activity, and also for preventing unauthorized access to and tampering with the storage and transport of ordnance and weapons."  '189 patent at 1:40-45, 3:17-22; '439 patent at 1:47-52, 3:25-30; '287 patent at 1:57-62, 3:36-41; '619 patent at 1:52-57, 3:30-35.

### B.  Mr. Golden's Litigation Against the United States

More than ten years ago, Mr. Golden filed his first action claiming patent infringement. In the Court of Federal Claims, Mr. Golden claimed under 28 U.S.C. § 1498(a) that the United

---

[1] *Golden v. United States*, No. 13-307 (Fed. Cl. May 1, 2013); *Golden v. United States*, No. 19-104 (Fed. Cl. Jan. 17, 2019); *Golden v. Apple, Inc.*, No. 19-2557 (D.S.C. Sept. 11, 2019); *Golden v. Apple, Inc.*, No. 20-2270 (D.S.C. June 16, 2020); *Golden v. Apple, Inc.*, No. 20-4353 (D.S.C. Jan. 5, 2021); *Golden v. Google LLC*, No. 21-244 (D.S.C. Jan. 26, 2021); *Golden v. Qualcomm Inc.*, No. 22-3283 (N.D. Cal. June 6, 2022); *Golden v. Intel Corp.*, No. 22-3828 (N.D. Cal. June 28, 2022); *Golden v. Apple, Inc.*, No. 22-4152 (N.D. Cal. July 15, 2022); *Golden v. Google LLC*, No. 22-5246 (N.D. Cal. Sept. 14, 2022); *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48 (N.D. Cal. Jan. 5, 2023); *Golden v. United States*, No. 23-185 (Fed. Cl. Feb. 7, 2023); *Golden v. United States*, No. 23-811 (Fed. Cl. May 31, 2023); *Golden v. Google LLC,* No. 25-434 (W.D. Tex. Sept. 18, 2025); *Golden v. Samsung Elecs. Am., Inc.,* No. 25-596 (W.D. Tex. Dec. 22, 2025).

States had infringed U.S. Patent No. RE43,990.  *Golden v. United States*, No. 13-307, Docket No. 1 (Fed. Cl. May 1, 2013).  Over eight years of litigation, Mr. Golden amended his complaint six times; his sixth amended complaint, filed in 2020, alleged that "[a]s a result of contracts with the U.S. Department of Homeland Security (DHS), Synkera Technologies Inc., and NASA's Ames Research Center; cooperative agreements with LG Electronics, Apple Inc., and Samsung Electronics," the United States government infringed the '189 patent, the '439 patent, and the '287 patent in this action, as well as two other patents.  *Id.*, Docket No. 195 at 8 (Fed. Cl. Nov. 3, 2020).  Mr. Golden provided infringement contentions that accused Samsung products of infringement, including various Galaxy Note, Galaxy S, and Galaxy Watch products.  *Id.*, Docket No. 240 at 5-6 (Fed. Cl. Sept. 1, 2021).  On September 1, 2021, the United States filed a motion to dismiss Mr. Golden's sixth amended complaint, stating that, "[n]owhere in the nearly 2,000 pages submitted by Plaintiff is a plausible theory of Government infringement of any one of the twenty-five asserted patent claims, for any one of the twenty-eight accused Apple, Samsung, or LG product models."  *Id.* at 2.

On November 10, 2021, the Court of Federal Claims granted this motion, and dismissed Mr. Golden's sixth amended complaint with prejudice.  *Golden v. United States*, 156 Fed. Cl. 623, 632 (2021).  The Court found a "painfully obvious problem with plaintiff's case:  he has not, and at this point in the litigation we must presume cannot, credibly allege what component of the accused Apple, or Samsung for that matter, devices infringe literally, or is even equivalent to, hazard detectors or sensors claimed in his patents."  *Id.* at 629.  The Court further found that Mr. Golden had failed "to identify in the accused devices any locking mechanism or function as claimed" (*id.* at 630), and that "remaining limitations of the claim chart are almost entirely deficient as well."  *Id.* at 631.  The Court concluded that:

> Plaintiff has had eight years to come up with a plausible theory of infringement against the United States and the third parties [including Samsung] whose products he alleges were made at the behest of the government.  Mr. Golden has amended his complaint six times in response to the government's objections to the shortcomings in his pleadings.  As we warned earlier, failure to produce a sufficiently detailed claim chart would cause the court to assume that it cannot be done.  That has happened.  Enough time and resources have been expended by the court and the Department of Justice dealing with these allegations.

*Id.* at 632.  Mr. Golden appealed.  *Id.*, Docket No. 251.  The Federal Circuit affirmed, holding that "[d]espite having eight years to develop his case and two chances to provide infringement contentions compliant with Patent Rule 4, Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents:  the sensor and locking limitations."  *Golden v. United States*, No. 22-1196, 2022 WL 4103287, at *2 (Fed. Cir. Sept. 8, 2022).

## C.    Mr. Golden's Previous Litigation Against Samsung

On January 5, 2023, Mr. Golden filed a complaint against Samsung in the Northern District of California, alleging infringement of the '189, '439, and '287 patents.  *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48, Docket No. 1 (N.D. Cal. Jan. 5, 2023).  Samsung moved to dismiss, making two arguments.  *Id.*, Docket No. 7 (N.D. Cal. Feb. 21, 2023).  First, Samsung moved to dismiss under the *Kessler* doctrine.  *Id.* at 11:5–12:18.  Samsung explained that, in the Court of Federal Claims, Mr. Golden's "Sixth Amended Complaint (hereafter, the 'CFC Complaint') against the government accused, *inter alia*, products of several of the government's purported contractors, including Samsung and Apple, of infringing claims 1-9 of the '189 patent, claims 13-23 of the '439 patent, and claims 4-6 of the '287 patent."  *Id.* at 3:24-27.  Samsung further explained that Mr. Golden's new complaint "accuses the same Samsung Galaxy products of infringing the Asserted Patents as he did in his CFC Complaint, which the Court of Federal Claims dismissed with prejudice in 2021 after eight years of litigation that did not proceed past

the pleading stage." *Id.* at 11:5-7.  As a result, Samsung explained, Mr. Golden's California

complaint was precluded "under the *Kessler* doctrine, as well as the doctrine of issue preclusion."

*Id.* at 11:9-11; *see id.* at 11:5–12:18.

Separately, Samsung also argued that Mr. Golden's complaint failed to state a claim for

direct infringement, stating that:

> The Complaint alleges that the accused Samsung Galaxy devices ***could*** infringe the
> asserted claims ***only if*** another application, ATAK, which Golden admits that Samsung
> does not make or sell, is added.  Accordingly, rather than alleging that Samsung makes or
> sells infringing products, Golden merely asserts that ***someone else could modify*** the
> accused Galaxy devices to be allegedly infringing by adding the ATAK application,
> which the Complaint concedes is created by the U.S. military.

*Id.* at 13:8-12 (emphasis in original).  On June 8, the Court dismissed Mr. Golden's complaint

with prejudice.  *Id.*, 2023 WL 3919466, at *1 (N.D. Cal. June 8, 2023).  The Court stated that:

> Golden was given a full opportunity to litigate his claims *regarding Samsung's products*
> in his Federal Court of Claims case.  His complaint was dismissed with prejudice, and
> that dismissal was affirmed by the Federal Circuit.  *See generally Golden v. United States*,
> 2022 WL 4103287.  Traditional principles of preclusion apply to that decision and the
> *Kessler* doctrine bars Golden's attempt to sweep in newer Samsung products under the
> identical theories of infringement rejected by the Federal Court of Claims and affirmed by
> the Federal Circuit.  This case is barred by issue preclusion.

*Id.* at *2 (emphasis in original) (footnotes omitted).  The Court further held that "[e]ven if

preclusion did not apply – and it does – this case must be dismissed for failure to plausibly allege

infringement," because "[t]he allegations that his patents cover the identified functionalities

included in Samsung's products are wholly unsupported and implausible on their face," and that

"[s]imilarly broad and unspecific assertions of infringement against Apple, Intel, and Qualcomm

have been dismissed without leave to amend by judges in this District."  *Id.* at *2-3.

Mr. Golden moved for reconsideration, which the Court denied.  *Golden v. Samsung*

*Elecs. Am., Inc.*, No. 23-48, Docket Nos. 38 (N.D. Cal. June 13, 2023), 39 (N.D. Cal. June 15,

2023).  Mr. Golden appealed to the Federal Circuit.  *Id.*, Docket No. 40 (N.D. Cal. June 22,

2023).  After briefing, the Federal Circuit affirmed, finding that "Mr. Golden's allegations, even if

true, at best establish that Samsung's smartphones might be modified post-sale to perform the

accused detector/sensor functionality, which is not enough for direct infringement on the claims

here."  *Golden v. Samsung Elecs. Am., Inc.*, No. 23-2120, 2024 WL 539973, at *3 (Fed. Cir. Feb.

12, 2024) (citing *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551,

1555 (Fed. Cir. 1995)).  Mr. Golden filed a petition for writ of *certiorari* to the Supreme Court of

the United States.  G*olden v. Samsung Elecs. Am., Inc.*, No. 23-2120, Docket No. 30 (Fed. Cir.

Mar. 12, 2024).  The Supreme Court denied Mr. Golden's petition.  *Golden v. Samsung Elecs.*

*Am., Inc.*, 144 S. Ct. 1395 (2024).

**D.**    **Mr. Golden's Complaint in This Action**

On December 22, 2025, Mr. Golden filed this action in this Court.  Compl.  Mr. Golden

alleges that a long list of accused Samsung devices infringe the same '189, '439, and '287

patents that he asserted in the previous two actions, as well as the newly asserted '619 patent.  *Id.*

at 53-61.  The complaint confirms that "Plaintiff chose not to attach claim charts because Plaintiff

is not trying to re-litigate any issues that have already been decided in the previous courts."  *Id.* at

4, 62.  The complaint then asserts, without citation and without basis, that "[w]e know how

Plaintiff's patents are infringed; what a jury will decide is when the Samsung accused devices

were manufactured and 'suitable for use' as a CBRNE-H sensing device."  *Id.* at 4, 62.  The

complaint admits Mr. Golden's prior losses in various courts, and acknowledges as "*CORRECT*"

the previous findings that "the accused devices of Samsung required '*modification*' in order to

infringe Plaintiff's patents."  *Id.* at 3 (emphasis in original); *see id.* at 7-11.  But plaintiff then

claims that "it is Samsung itself who is the party responsible for 'modifying' the cell phone to

function as a CBRNE-H detection device.  Samsung is accused of 'making' the alleged

infringing products."  *Id.* at 12.  The complaint then adds the word "*modified*," always in italics,

to various allegations, and appears to assume that the addition of this word requires a finding of

infringement.  *E.g.*, *id.* at 20-21, 26-28, 30-36, 38-43, 46-47, 50-52.  In this action, plaintiff

asserts only direct infringement of the four asserted patents, under his "modification" theory.  *Id.*

at 3, 53-61.

## ARGUMENT

### I.    The Court Should Dismiss All Counts of Plaintiff's Complaint

#### A.    Res Judicata and Bars All Counts

"Res judicata 'bars the litigation of claims that either have been litigated or should have

been raised in an earlier suit.'"  *In re Vitro Asset Corp.*, 656 F. App'x 717, 723 (5th Cir. 2016)

(quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)).  "The test for claim

preclusion has four elements:  (1) the parties in the subsequent action are identical to, or in

privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a

court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the

same claim or cause of action is involved in both suits."  *Duffie v. United States*, 600 F.3d 362,

372 (5th Cir. 2010) (citing *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir.

2004)).  "Claim preclusion in a patent case typically exists when a patentee attempts to assert the

same patent against the same party and the same subject matter.  Subject matter is the same for

claim preclusion purposes if the earlier accused devices and the devices accused in the current

action are 'essentially the same.'"  *Xiaohua Huang v. Huawei Techs. Co.*, 787 F. App'x 723, 726

(Fed. Cir. 2019) (citation omitted) (quoting *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479-80

(Fed. Cir. 1991)).  "[D]ismissal under Rule 12(b)(6) is proper if the elements of res judicata are

apparent 'based on the facts pleaded and judicially noticed,'" and this Court can resolve "the issue of res judicata by relying only on the facts pleaded in Plaintiff's Complaint and the judicially noticed record in the prior lawsuits." *Wicker v. Seterus, Inc.*, No. 15-331, 2016 WL 2622017, at *4 (W.D. Tex. May 5, 2016) (quoting *Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008)); *see, e.g.*, *Herrmann v. Bridger*, No. 24-545, 2024 WL 4849079, at *3-4 (W.D. Tex. Nov. 20, 2024); *Avila v. Ocwen Loan Servicing, LLC*, No. 14-460, 2014 WL 12580450, at *2-3 (W.D. Tex. June 6, 2014).

All four elements are present here. The parties to this action are identical with Mr. Golden's previous action against Samsung. *Compare* Compl. *with Golden v. Samsung Elecs. Am., Inc.*, No. 23-48, Docket No. 1 (N.D. Cal. Jan. 5, 2023). The Northern District of California had jurisdiction under 28 U.S.C. § 1338(a) and issued a final "[d]ismissal under 12(b)(6)," which "constitutes a final judgment on the merits." *Wade v. Household Fin. Corp.*, No. 17-148, 2017 WL 2533535, at *3 (W.D. Tex. June 8, 2017); *see Golden v. Samsung Elecs. Am., Inc.*, 2023 WL 3919466, at *1. Mr. Golden previously claimed and currently claims infringement by Samsung Galaxy devices, and does not allege any differences between any of the accused products. *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48, Docket No. 1 at 10-12 (N.D. Cal. Jan. 5, 2023); Compl. at 53-61. Mr. Golden therefore seeks "to prove infringement of the same claim limitations as to the same features of the accused devices," which is "the exact situation that *res judicata* seeks to prevent." *Nystrom v. Trex Co.*, 580 F.3d 1281, 1286 (Fed. Cir. 2009).

The Court can and should dismiss these claims for another reason as well. "[C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated. If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds

for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).  "It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together." *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995).

Applying these rules, the Court should dismiss Counts I, III, and IV, which respectively allege infringement of the '287, '439 and '189 patents, which the Northern District of California has already resolved against Mr. Golden.  Compl. at 53-54, 56-61; *see supra* §§ B, C.  Plaintiff cannot seek "a different judgment in the second action [that] would impair or destroy rights or interests established by the judgment entered in the first action." *Lucky Brand*, 590 U.S. at 413 (quoting 18 Wright & Miller, *Federal Practice and Procedure* § 4407 (3d ed. 2016)).  The Court should dismiss Counts I, III, and IV for this reason.

The Court should also dismiss Count II, alleging infringement of the '619 patent.  "Patent claims from a patent in suit in a new suit can overlap with patent claims in a patent in suit in previous litigation, even if the patent in the new suit was not asserted in the old suit, if the claims of the patent in the new suit are not materially different from the claims of the patent in the old suit." *MAZ Encryption Techs., LLC v. Blackberry Ltd.*, 347 F. Supp. 3d 283, 289 (N.D. Tex. 2018).  "In applying that standard to the particular context here," this Court can "conclude that claims which are patentably indistinct are essentially the same." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1167 (Fed. Cir. 2018).  That is so here.  Independent claims 1 and 11 of the '619

patent relate to the use of a communication device capable of remote controlling a vehicle's functions based on the detection of chemical, biological, or nuclear agents. *See* '619 patent at 15:50 to 16:27, 17:3 to 18:3. Claim 5 of the '287 patent that Mr. Golden has previously asserted against Samsung covers the same limitations. *See* '287 patent at 18:26 to 19:4. Because there is no material difference between the claims of the '619 and '287 patent, "there is substantial overlap between the transactional facts of this case" and the previous litigation that "strongly supports a finding that the forth [sic] element of claim preclusion, which is that the same claim or cause of action is involved in both suits, is satisfied." *MAZ Encryption Techs.*, 347 F. Supp. 3d at 291. This Court should therefore dismiss Count II.

### B.     The *Kessler* Doctrine Bars all Counts

"In *Kessler v. Eldred*, the Supreme Court adopted an enlargement of traditional claim and issue preclusion doctrines to further preserve the utility of previous judgments of non-infringement by holding that a prior judgment of non-infringement would bar new infringement claims for post-judgment acts, against third parties, and covering very similar accused devices." *Golden v. United States*, 171 Fed. Cl. 33, 37 (2024) (citing *Kessler v. Eldred*, 206 U.S. 285 (1907)), *aff'd*, No. 24-2256, 2025 WL 900873 (Fed. Cir. Mar. 24, 2025). "The purpose of this doctrine is to '[allow] an adjudged non-infringer to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action where circumstances justify that result.'" *Red Rock Analytics, LLC v. Apple Inc.*, No. 21-346, 2021 WL 5828368, at *2 (W.D. Tex. Dec. 8, 2021) (alteration in original) (quoting *In re PersonalWeb Techs. LLC,* 961 F.3d 1365, 1376 (Fed. Cir. 2020)). "A patent infringement claim is precluded under the *Kessler* doctrine when (1) the defendant is an adjudged non-infringer and (2) 'the earlier judgment held that "essentially the same" accused activity did not infringe the patent.'" *Red Rock*, 2021 WL 5828368, at *2

(quoting *SimpleAir, Inc.*, 884 F.3d at 1170); *see also, e.g.*, *Wis. Alunni Rsch. Found. v. Apple Inc.*, 112 F.4th 1364, 1386 (Fed. Cir. 2024).  Courts dismiss under the *Kessler* doctrine at the pleading stage, including twice in cases involving Mr. Golden.  *E.g.*, *Golden v. United States*, 171 Fed. Cl. at 37; *Golden v. Samsung Elecs. Am., Inc.*, 2023 WL 3919466, at *2; *see, e.g., Seven Networks, LLC v. Motorola Mobility LLC,* No. 21-1036, 2022 WL 426589 (N.D. Tex. Feb. 10, 2022).

Both elements of the *Kessler* doctrine are present here.  The Court of Federal Claims in the first action, *Golden v. United States*, 171 Fed. Cl. at 37, and the Northern District of California in the second action, *Golden v. Samsung Elecs. Am., Inc.*, 2023 WL 3919466, at *3, both issued a "dismissal with prejudice" that "has a preclusive effect under the *Kessler* doctrine," making Samsung an adjudged non-infringer.  *Askan v. FARO Techs., Inc.*, No. 22-2117, 2023 WL 4101351, at *3 (Fed. Cir. June 21, 2023); *see id.* at *3-4 (collecting cases).  And the "earlier judgment[s]" in the Court of Federal Claims and Northern District of California "held that 'essentially the same' accused activity did not infringe" the patents asserted in this action.  *Red Rock*, 2021 WL 5828368, at *2.  In his previous litigations, Mr. Golden claimed infringement by various Samsung Galaxy devices.  *See Golden v. United States*, Docket No. 240 at 5-6; *Golden v. Samsung Elecs. Am., Inc.*, Docket No. 1 at 10-12.  In this action, Mr. Golden also claims infringement by Samsung Galaxy devices, which are either the "originally accused products" or "subsequent versions" of those products with "'no material differences' between the accused products in each suit"; the *Kessler* doctrine precludes both.  *Wis. Alunni*, 112 F.4th at 1386 (quoting *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1058 (Fed. Cir. 2014)); *see Askan*, 2023 WL 4101351, at *5; *see, e.g.*, Compl. at 53-61.  The Court should dismiss Counts I, III, and IV for these reasons.  Further, because the '619 patent is "patentably indistinct from those previously adjudicated," such as the '287 patent, and is "therefore claim-precluded with respect

to pre-judgment" Samsung devices, the *Kessler* doctrine also bars Mr. Golden's assertion of the '619 patent. *SimpleAir, Inc.*, 884 F.3d at 1170. The Court should therefore dismiss the complaint in its entirety.

## II.    The Court Should Dismiss All Claims in Plaintiff's Complaint

All four counts fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *G&G Closed-Cir. Events, LLC v. Kelpim, Inc.*, No. 24-408, 2025 WL 3769290, at *1 (W.D. Tex. Aug. 31, 2025) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Mr. Golden's do not.

As Mr. Golden confirms in the complaint, he "chose not to attach claim charts" to support his claims. Compl. at 4, 62. Instead of providing claim charts, Mr. Golden's complaint includes alleged descriptions of various functionalities and comments regarding them, without ever attempting to connect his descriptions and comments to the asserted patents or their claims. *Id.* at 20-62. Just as in his previous action against Samsung, "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." *Golden v. Samsung Elecs. Am., Inc.*, 2023 WL 3919466, at *2.

This is insufficient. "Stating a viable claim for infringement requires Plaintiff to plead facts that plausibly suggest that an accused product meets each limitation of an asserted claim." *Washington v. Caterpillar Inc.*, No. 24-310, 2025 WL 782305, at *2 (W.D. Tex. Mar. 3, 2025) (citing *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. 18-1335, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019)). Mr. Golden does not try, and admits he does not try, by confirming

his decision "not to attach claim charts" to support his claims, and by declining to provide any

other recitation of facts sufficient to plausibly allege infringement of any claim.  Compl. at 4, 62;

*see generally id.*  "Nowhere does Plaintiff demonstrate how a single product made, used, sold,

offered for sale, or imported by Defendant contains every element of any claim of the" asserted

patents.  *Washington*, 2025 WL 782305, at *2.  At most, Mr. Golden provides "conclusory

allegations, unwarranted deductions, or legal conclusions," *Anderson v. 21st Mortg. Corp.*, No.

15-200, 2016 WL 11582928, at *2 (W.D. Tex. Sept. 26, 2016), the kind of "formulaic recitation

of the elements of a cause of action" that "will not do.'"  *Windmann v. Sun Life Assurance Co. of

Canada*, No. 16-61, 2016 WL 11591768, at *1 (W.D. Tex. Dec. 15, 2016) (quoting *Bell Atl.

Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mr. Golden "fails to describe how Defendant

allegedly infringes all the elements" of the asserted patents, and "fails to state a plausible claim."

*Washington*, 2025 WL 782305, at *2.  The Court should dismiss all claims of Mr. Golden's

complaint for this reason.

## III.    The Court Should Deny Leave to Amend

Should the Court grant Samsung's motion to dismiss plaintiff's complaint, it has "sound

discretion" to "grant or deny leave to amend" to plaintiff.  *Artesia Springs, LLC v. DS Waters of

Am., Inc.*, No. 14-791, 2015 WL 12712643, at *5 (W.D. Tex. Jan. 13, 2015) (quoting *Pervasive

Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012)), *R. & R. adopted*,

2015 WL 12712644 (W.D. Tex. Jan. 31, 2015).  In this action, the Court should exercise its

discretion to deny leave to amend.  Insofar as this is an unusual request, and particularly so

against a *pro se* plaintiff, Samsung respectfully submits that under the circumstances of this case

the Court should exercise its discretion to deny leave to amend, because Mr. Golden's

infringement theory and history of serial failed litigation confirms that amendment would be

futile.  "Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint unless he has already pled his 'best case.'"  *Muhammad v. Wiles*, No. 19-51, 2023 WL 3143434, at *6 (W.D. Tex. Feb. 14, 2023) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009)), *R. & R. adopted*, 2023 WL 3676954 (W.D. Tex. May 26, 2023).  But "a court need not allow a plaintiff to amend a complaint if the amendment would be futile."  *Ireland v. Simmons*, No. 25-162, 2025 WL 3776816, at *5 (W.D. Tex. Dec. 31, 2025) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000)).  This is Mr. Golden's third lawsuit and eighth complaint seeking to show infringement by Samsung products; it will succeed no better than its predecessors.  Bearing his history and the infirmity of his allegations in mind, other courts have dismissed Mr. Golden's original complaints without leave to amend.  *E.g.*, *Golden v. Samsung Elecs. Am., Inc.*, 2023 WL 3919466, at *3 ("Similarly broad and unspecific assertions of infringement against Apple, Intel, and Qualcomm have been dismissed without leave to amend by judges in this District."); *Golden v. Intel Corp.*, 642 F. Supp. 3d 1066, 1073 (N.D. Cal. 2022) ("[W]ere this Golden's first attempt to bring such allegations forward, the Court might be inclined to provide an opportunity for him to expand.  But Golden has had multiple suits, with nearly identical allegations dismissed as frivolous."); *Golden v. Qualcomm, Inc.*, No. 22-3283, 2023 WL 2530857, at *3 (N.D. Cal. Mar. 15, 2023) ("[T]his is the rare case in which dismissal without leave to amend is warranted on the first round motion to dismiss.").  Mr. Golden has had ample opportunity to find his "best case," and further leave to amend would be fruitless.  For all these reasons, the Court should exercise its discretion to deny plaintiff leave to amend his complaint.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court dismiss this action, and deny plaintiff leave to amend the complaint.

Date:  February 20, 2026

Respectfully submitted,

By: */s/ Melissa R. Smith* _____
Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas, 75670
+1 (903) 934-8450
+1 (903) 934-9257 facsimile
Melissa@gillamsmithlaw.com

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that PRO SE is being served via First Class Mail and via email with a copy of this document on February 20, 2026.

*/s/ Melissa R. Smith* _____
Melissa R. Smith