**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-CV-00596-DAE |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, INC. | § | |
| | § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF DEFENDANT SAMSUNG ELECTRONICS
AMERICA, INC.'S MOTION TO DISMISS COMPLAINT**

# **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.       The Court Should Dismiss Plaintiff's Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

          A.       Res Judicata and the *Kessler* Doctrine Bars All Counts . . . . . . . . . . . . . . . . . . . . . 1

          B.       All Counts Fail to State a Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.      Plaintiff's Pro Se Status is Not An Impenetrable Shield . . . . . . . . . . . . . . . . . . . . . . . . 5

III.     The Court Should Deny Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# **TABLE OF AUTHORITIES**

*Cases*                *Page*

*Artesia Springs, LLC v. DS Waters of Am., Inc.*,
   No. 14-791, 2015 WL 12712643 (W.D. Tex. Jan. 13, 2015),
   *R. & R. adopted,* 2015 WL 12712644 (W.D. Tex. Jan. 31, 2015) . . . . . . . . . . . . . . . . . . . . . 6

*Brewster v. Dretke*,
   587 F.3d 764 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brown v. Felsen*,
   442 U.S. 127 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bryant v. Pierre*,
   No. 25-321, 2025 WL 1943757 (W.D. Tex. Mar. 28, 2025)
   *R. & R. adopted*, 2025 WL 1942970 (W.D. Tex. July 14, 2025) . . . . . . . . . . . . . . . . . . . . . 5

*Castillo v. Bank of Am., N.A.*,
   No. 11-1011, 2012 WL 13149017 (W.D. Tex. June 13, 2012) . . . . . . . . . . . . . . . . . . . . . . . 3

*Connall v. Franklin*,
   No. 22-1381, 2023 WL 196484 (W.D. Tex. Jan. 17, 2023)
   *R. & R. adopted*, 2023 WL 11821983 (W.D. Tex. Feb. 27, 2023) . . . . . . . . . . . . . . . . . . 5, 6

*In re Dallas Roadster, Ltd.*,
   846 F.3d 112 (5th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Escamilla v. ADT, LLC*,
   No. 23-1037, 2024 WL 2807028 (W.D. Tex. May 30, 2024) . . . . . . . . . . . . . . . . . . . . 3, 4, 6

*Fare Techs., LLC v. Uber Techs., Inc.*,
   No. 22-317, 2023 WL 2258334 (W.D. Tex. Feb. 27, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Farguson v. MBank Houston N.A.*,
   808 F.2d 358 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Golden v. Samsung Elecs. Am., Inc.,*
   No. 23-48, 2023 WL 3919466 (N.D. Cal. June 8, 2023),
   *reconsideration denied*, Docket No. 39 (N.D. Cal. June 15, 2023),
   *aff'd*, No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024),
   *cert. denied*, 144 S. Ct. 1395 (2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-4

*Golden v. Texas Workforce Comm'n*,
   No. 21-1108, 2021 WL 12143074 (W.D. Tex. Dec. 10, 2021)
   *R. & R. adopted*, 2022 WL 21757077 (W.D. Tex. Jan. 12, 2022) . . . . . . . . . . . . . . . . . . . . 6

# **TABLE OF AUTHORITIES**
*(continued)*

|  Cases | Page |

*Ireland v. Simmons*,
   No. 25-162, 2025 WL 3776816 (W.D. Tex. Dec. 31, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*,
   590 U.S. 405 (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Magee v. Life Ins. Co. of N. Am.*,
   261 F. Supp. 2d 738 (S.D. Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mahmood v. Slahetka*,
   No. 21-179, 2021 WL 11670048 (W.D. Tex. May 10, 2021) . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*McPherson v. Coombe*,
   174 F. 3d 276 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Nystrom v. Trex Co.*,
   580 F.3d 1281 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Pedigo v. Austin Rumba, Inc.*,
   No. 08-803, 2009 WL 10669869 (W.D. Tex. July 29, 2009) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
   688 F.3d 214 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Qashou v. City of San Antonio*,
   No. 25-459, 2025 WL 3461736 (W.D. Tex. Dec. 2, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Redpoint Cnty. Mut. Ins. Co. v. Links Ins. Servs., LLC*,
   No. 24-13, 2025 WL 470931 (W.D. Tex. Feb. 12, 2025) . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6

*Sidwell v. Searles*,
   No. 23-870, 2023 WL 5207934 (S.D. Ind. Aug. 14, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sneed v. Austin Indep. Sch. Dist.*,
   487 F. Supp. 3d 584 (W.D. Tex. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Statutes and Rules*

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# TABLE OF AUTHORITIES
*(continued)*

*Other Authorities* *Page*

*Golden v. Samsung Elecs. Am., Inc.*,
    No. 23-48, Docket No. 1 (N.D. Cal. Jan. 5, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

**INTRODUCTION**

Samsung's motion established that res judicata and the *Kessler* doctrine bar plaintiff's complaint, and that plaintiff's complaint does not state a claim. In his opposition, plaintiff largely responds with irrelevancies. Where plaintiff does address Samsung's arguments, his responses confirm that Samsung's points are correct. The Court should dismiss this action.

**ARGUMENT**

I.     **The Court Should Dismiss Plaintiff's Complaint**

Every court to have examined plaintiff's claims alleging infringement by Samsung products has found those claims to be without merit and has dismissed them accordingly. Plaintiff's response confirms that this Court should do the same.

A.     **Res Judicata and the *Kessler* Doctrine Bars All Counts**

Seeking to avoid res judicata and the *Kessler* doctrine, plaintiff claims that "[t]his is not a complaint, whereby Plaintiff is looking to change prior decisions; re-litigate any prior decisions, or re-litigate in this current case causes of actions or issues that have already been decided or adjudicated." Opp. at 3. But plaintiff directly contradicts himself in the very next paragraph, which states that "Plaintiff is demanding damages for Samsung's alleged direct infringement, joint (direct) infringement, and direct infringement under the doctrine of equivalents," based on claims that "Samsung's mobile, consumer, or cellular devices, that are integrated with, or interconnected to, a CBRNE-H detection capability, allegedly infringes Plaintiff's patented communicating, monitoring, detecting, and controlling (CMDC) devices." *Id.* This is the same infringement theory plaintiff asserted in his previous litigation, and is the same theory the District Court dismissed, the Court of Appeals affirmed, and for which the Supreme Court denied plaintiff's petition for writ of certiorari. *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48, Docket

No. 1 at 12-18, 26 (N.D. Cal. Jan. 5, 2023); *id.*, 2023 WL 3919466 (N.D. Cal. June 8, 2023), *reconsideration denied,* Docket No. 39 (N.D. Cal. June 15, 2023), *aff'd*, No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024), *cert. denied*, 144 S. Ct. 1395 (2024); *see* Mot. § C.

As a fallback, plaintiff argues that he should nonetheless be allowed to maintain his claims despite res judicata and the *Kessler* doctrine because, if a "Court ruled non-infringement because Plaintiff's patented smartphone invention" required a feature and "the alleged Samsung devices do not have or include" that feature, he could still bring new claims if he later "finds out Samsung is making, using, offering for sale, selling or importing Samsung smartphones" that do include the feature. Opp. at 26. Not so. "[C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated. If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). Even assuming that plaintiff could show his hypothetical was true—and he has provided nothing to support this idea—he would still be seeking to bring arguments "previously available to" him in the prior action, which he could not do. *Lucky Brand*, 590 U.S. at 412.

But there is no need for the Court to assume that plaintiff's hypothetical is true, when his complaint confirms that it is not. The complaint twice states that "Plaintiff chose not to attach claim charts" to his current complaint, because "[w]e know how Plaintiff's patents are infringed"—which, he explains in the complaint, is the same theory he advanced and lost in his previous cases. Compl. at 4, 62; *see, e.g., id.* at 7-12. Plaintiff claims that he "is not trying to

re-litigate any issues that have already been decided in the previous courts," (*id.* at 4, 62), but his own complaint and opposition to Samsung's motion say the opposite. *E.g.*, Compl. at 7-12; Opp. at 6-8; *see* Mot. §§ B, C. By asking this Court to reinterpret the prior courts' rulings as allowing his current case instead of barring it, plaintiff is necessarily "trying to re-litigate any issues that have already been decided in the previous courts" (Compl. at 4, 62), and is seeking "to prove infringement of the same claim limitations as to the same features of the accused devices," which is "the exact situation that *res judicata* seeks to prevent." *Nystrom v. Trex Co.*, 580 F.3d 1281, 1286 (Fed. Cir. 2009) (emphasis in original).

Finally, plaintiff does not contest or even address Samsung's arguments regarding the '619 patent, including that there is no material difference between the '619 and '287 patents and that res judicata and the *Kessler* doctrine bar plaintiff's allegations regarding the '619 patent as well. Mot. §§ I.A, I.B. "The 'failure to brief an argument in the district court waives that argument.'" *Redpoint Cnty. Mut. Ins. Co. v. Links Ins. Servs., LLC*, No. 24-13, 2025 WL 470931, at *3 (W.D. Tex. Feb. 12, 2025) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 & n.10 (S.D. Tex. 2003)). Plaintiff has waived any opposition to these points. Furthermore, a "party's failure to defend a claim in their response to a motion to dismiss constitutes abandonment." *Escamilla v. ADT, LLC*, No. 23-1037, 2024 WL 2807028, at *3 (W.D. Tex. May 30, 2024) (citing *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017)). This Court can and will dismiss abandoned claims. *See, e.g.*, *Castillo v. Bank of Am., N.A.*, No. 11-1011, 2012 WL 13149017, at *12 (W.D. Tex. June 13, 2012); *Pedigo v. Austin Rumba, Inc.*, No. 08-803, 2009 WL 10669869, at *2 (W.D. Tex. July 29, 2009). It should do so here.

In dismissing his previous action, the court held that "Golden was given a full opportunity to litigate his claims *regarding Samsung's products* in his Federal Court of Claims

case. His complaint was dismissed with prejudice, and that dismissal was affirmed by the Federal Circuit." *Golden v. Samsung Elecs. Am., Inc.*, 2023 WL 3919466, at *2 (emphasis in original). The same is true here, except that now Mr. Golden has brought *two* cases which district courts have dismissed and the Court of Appeals has affirmed. *See id.*; *see* Mot. §§ B, C. "Traditional principles of preclusion apply to that decision and the *Kessler* doctrine bars Golden's attempt to sweep in newer Samsung products under the identical theories of infringement rejected by the Federal Court of Claims and affirmed by the Federal Circuit." *Golden v. Samsung*, 2023 WL 3919466, at *2. The same is true here, and this Court should dismiss plaintiff's complaint.

        **B.**        **All Counts Fail to State a Claim**

Samsung's motion explained that "[a]ll four counts fail 'to state a claim upon which relief can be granted.'" Mot. at 12 (quoting Fed. R. Civ. P. 12(b)(6)); *see* Mot. § II. Plaintiff provides no response to these points. Instead, plaintiff points to different litigation involving different products made by a different company, adds conclusory statements such as "Google developed Android" and "Samsung Galaxy phones are Android phones," and claims that he has "alleged enough facts" to plead his claims. Opp. at 1-2. As before, plaintiff's failure to respond to each argument "waives that argument," *Redpoint Cnty.*, 2025 WL 470931, at *3, and his "failure to defend a claim in their response to a motion to dismiss constitutes abandonment." *Escamilla*, 2024 WL 2807028, at *3.

Instead of defending his claims, plaintiff spends the majority of his opposition on irrelevancies, such as a long list of his purported future potential expert witnesses and their qualifications (Opp. at 12-17), plaintiff's claims regarding the "judicial system of systemic and structural racism" (Opp. at 28-29), and plaintiff's discussion of his previous settlement demand

to Samsung seeking "$12 billion taxable to me, and $8 billion tax-free."  Opp. Ex. B. at 2;  *see* Opp. at 18-19.  Even assuming any of this had any relevance, this Court "will consider only the factual allegations and claims made in" the complaint itself.  *Sneed v. Austin Indep. Sch. Dist.*, 487 F. Supp. 3d 584, 594 (W.D. Tex. 2020); *see also Qashou v. City of San Antonio,* No. 25-459, 2025 WL 3461736, at *6 (W.D. Tex. Dec. 2, 2025).  Finally, plaintiff asks the Court to "proceed to selecting a jury" (Opp. at 17), but "there are many procedural steps before trial, in which the parties get to learn about the underlying facts and test the applicable law," and plaintiff "may not avoid those steps and jump straight to trial."  *Sidwell v. Searles*, No. 23-870, 2023 WL 5207934, at *2 (S.D. Ind. Aug. 14, 2023).  Samsung's motion to dismiss showed that plaintiff's complaint could not state a claim, and plaintiff's opposition says nothing in response.  The Court should dismiss the complaint for this reason as well.

**II.     Plaintiff's Pro Se Status is Not An Impenetrable Shield**

Plaintiff argues that the Court has "a duty to interpret 'the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest.'"  Opp. at 22 (emphasis in original) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).  This Court cited a similar doctrine in *Mahmood v. Slahetka*, No. 21-179, 2021 WL 11670048, at *2 (W.D. Tex. May 10, 2021).  But, as this Court further noted in this opinion, "a petitioner's pro se status does not offer him an 'impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'"  *Id.* (quoting *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)); *see also Bryant v. Pierre*, No. 25-321, 2025 WL 1943757 (W.D. Tex. Mar. 28, 2025), *R. & R. adopted*, 2025 WL 1942970 (W.D. Tex. July 14, 2025); *Connall v. Franklin*, No. 22-1381, 2023 WL 196484 (W.D. Tex. Jan. 17, 2023), *R. & R. adopted*, 2023 WL 11821983 (W.D. Tex. Feb. 27,

2023); *Golden v. Texas Workforce Comm'n*, No. 21-1108, 2021 WL 12143074 (W.D. Tex. Dec. 10, 2021), *R. & R. adopted*, 2022 WL 21757077 (W.D. Tex. Jan. 12, 2022). That is just what plaintiff seeks to do here. Plaintiff's lawsuit harasses Samsung by requiring Samsung to relitigate allegations previously resolved in its favor. And plaintiff clogs the judicial machinery of this Court with meritless litigation by refusing to recognize his previous losses or their effect. Plaintiff has asserted his portfolio in an unsuccessful litigation campaign, filing fifteen complaints claiming infringement of eleven patents against various defendants, including Samsung, and none of them have made it past the pleading stage. Mot. at 2; *see* Mot. § A. Plaintiff's pro se status is not an "impenetrable shield," and cannot protect his deficient complaint. *Mahmood*, 2021 WL 11670048, at *2; *see supra*.

### III. The Court Should Deny Leave to Amend

Should it dismiss plaintiff's current complaint, the Court has "'sound discretion'" to "grant or deny leave to amend." *Artesia Springs, LLC v. DS Waters of Am., Inc.*, No. 14-791, 2015 WL 12712643, at *5 (W.D. Tex. Jan. 13, 2015) (quoting *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012)), *R. & R. adopted*, 2015 WL 12712644 (W.D. Tex. Jan. 31, 2015). As Samsung explained in its motion, following dismissal, the Court should exercise its discretion to deny leave to amend here. Mot. § III. Plaintiff did not respond to this argument, thus conceding it. *Escamilla,* 2024 WL 2807028, at *3; *Redpoint Cnty.*, 2025 WL 470931, at *3. Plaintiff's "failure to respond waived any opposition to Defendant's request for dismissal without leave to amend," and so his "complaint should be dismissed without leave to amend." *Fare Techs., LLC v. Uber Techs., Inc.*, No. 22-317, 2023 WL 2258334, at *3 (W.D. Tex. Feb. 27, 2023).

Even assuming no effect of this concession, plaintiff's opposition further confirms that the Court should deny leave to amend. Plaintiff does not propose any amendments that would overcome the failures of his complaint; his opposition largely ignores Samsung's arguments and provides only irrelevancies in response. *See supra* § I.B. Where "[p]laintiff's motion responses contain no arguments or facts that could overcome the infirmities," explained in a motion to dismiss, "he has indeed pled his best case." *Ireland v. Simmons*, No. 25-162, 2025 WL 3776816, at *5 (W.D. Tex. Dec. 31, 2025) (citing *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)). Bearing in mind Mr. Golden's history of litigation failure and the infirmity of his allegations, other courts have dismissed Mr. Golden's original complaints without leave to amend. *See* Mot. at 14. This Court should do the same, and should deny plaintiff leave to amend his complaint.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Samsung's motion, Samsung respectfully requests that the Court dismiss the complaint and deny leave to amend.

Date: March 11, 2026

Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas, 75670
+1 (903) 934-8450
+1 (903) 934-9257 facsimile
Melissa@gillamsmithlaw.com

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that PRO SE is being served via First Class Mail and via email with a copy of this document on March 11, 2026.

*/s/ Melissa R. Smith*
Melissa R. Smith
