# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS – WACO DIVISION

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 992-7104

Email: atpg-tech@charter.net

**FILED**

May 29, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ lad _____

DEPUTY

---

LARRY GOLDEN,

                Plaintiff,

        V.

SAMSUNG ELECTRONICS
AMERICA, INC.

                Defendant.

---

CASE NO: 6:25-cv-00596-DAE

**JURY TRIAL DEMANDED**

**(Direct Patent Infringement),**
**(Willful Patent Infringement),**

May 29, 2026

---

### PLAINTIFF NOTICE OF FILINGS IN RELATED CASES AND THE COURT'S LEAVE TO FILE AN AMENDED COMPLAINT FOR PATENT INFRINGEMENT UNDER 35.U.S.C. §§ 154(a)(1) and 271(g)

Pursuant to Judge James Donato's court order, Plaintiff is preparing an amended complaint "removing all allegations relating to infringement of U.S. Patent Nos. 10,163,287 and 10,984,619" [Dkt. No. 63] under 35 U.S.C. § 271(a) in the related case *Golden v. Google* NDC Case No. 26-0831; because the Court believes Plaintiff's complaint "improperly seeks to relitigate claims foreclosed by prior judgements" [Dkt. No. 67].

Although, throughout Plaintiff's complaint Plaintiff repeatedly states he is not attempting to relitigate the prior judgements of twelve Federal Judges who has inferred to say; that with "*modification*", Google, Samsung, and Apple's mobile

devices that are integrated with, or interconnected to, a CBRNE-H detection capability, infringes Plaintiff's patented communicating, monitoring, detecting, and controlling (CMDC) devices.

In the Google, Samsung, and Apple, complaints, Plaintiff made it very clear he does not want to challenge, nor change, the judgements of the twelve Federal Judges. Plaintiff believes the judgements clarifies the 'conditions' for infringement.

The twelve Federal Judges drew their conclusion based on indirect evidence and reasoning, rather than explicit statements, that Google [Samsung] control the *"modification"* of a common cell phone's integration, or interconnection to a CBRNE-H detection capability with their Android Open-Source Operating Systems [Plaintiff's "transceiver"] that manages Google [Samsung] wireless communication protocols: Bluetooth, WiFi, cellular, NFC, or GPS, that enables the integration.

> "Qualcomm's role [in the DHS S&T *Cell-All* initiative] has been to develop a smartphone app and the associated network software for processing data. Smartphone users can download the app from **Google Play** and, eventually, from Apple's iTunes store, so Cell-All will be operational on all phones using either **Google's Android** or Apple's iPhone operating systems".[1]

In the complaints, Plaintiff alleges "Google, Samsung, and Apple's intent, while performing work for the Government, with implied authorization or consent to infringe Plaintiff's patents; is to research, develop, manufacture, and commercialized, a *"modified"* cell phone device that is capable of CBRNE-H detection; and which can be used *"ubiquitously"* by at least the 300 million cell phone users that already exist (Qualcomm, 2012)

---

[1] Crowdsourcing urban surveillance: The development of homeland security markets for environmental sensor networks Torin Monahana, Jennifer T. Mokosb; Department of Communication Studies, The University of North Carolina at Chapel Hill, CB# 3285, 115 Bingham Hall, Chapel Hill, NC 27599-3285, USA; Department of Human & Organizational Development, Vanderbilt University, Peabody #90, 230 Appleton Place, Nashville, TN 37203-5721, USA

Therefore, the Court is correct, it is not necessary to relitigate the subject matter or limitations of Plaintiff's '287 and '619 patents, because Google, Samsung, and Apple's infringement theory of "modification before infringement" is covered in Plaintiff's '287 and '619 patents, and twelve Federal Judges issued a final judgement that states, "with "*modification*", Google, Samsung, and Apple's mobile device, that is integrated with, or interconnected to, a CBRNE-H detection capability, infringes Plaintiff's patented communicating, monitoring, detecting, and controlling (CMDC) device.

Plaintiff have attached ***Exhibit A***, a rough draft copy of the cover sheet and content pages of Plaintiff's amended complaint in the case of *Golden v. Google* NDC Case No. 26-0831 that is due to be filed on June 15, 2026.

Attached as ***Exhibit B***, is a copy of Plaintiff's amended complaint as a matter of course, filed in the related case of *Golden v. Apple* Case No. 26-0224, Dkt. 14; filed in this Western District of Texas Waco Court.

The content pages of the two related cases are practically the same for a claim that the parties manufactured or produced their versions of a "*modified*" cell phone that allegedly infringes Plaintiff's patented process when the phones are shipped or imported into the United States under 35.U.S.C. §§ 154(a)(1) and 271(g).

Plaintiff is seeking leave of the Court to amend Plaintiff's original complaint in this case, because it is evident the defense Samsung, is trying to sway the Court into believing Plaintiff is attempting to re-litigate issues that have been foreclosed by prior litigation.

An amended complaint that mirrors the amended complaint filed in the Western District of Texas in *Golden v. Apple* Case No. 26-0224, Dkt. 14; [***Exh. B***] and the yet to be filed on June 15, 2026; amended complaint in *Golden v. Google* NDC Case No. 26-0831 [***Exh. A***]; will clarify the causes of actions.

3

Sincerely,

s/ *Larry Golden*

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(M) 8649927104

Email: atpg-tech@charter.net

## VERIFICATION

### Pursuant to 28 U.S.C. § 1746

I, Larry Golden, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct, and complete to the best of my understanding, knowledge, and belief, and made in good faith.

Executed and signed this 29th day of May, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for "Plaintiff's Notice of Filings in Related Cases and the Courts Leave to file an Amended Complaint for Patent Infringement under 35.U.S.C. §§ 154(a)(1) and 271(g)".

s/ *Larry Golden*

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-992-7104

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of May, 2026, a true and correct copy of the foregoing "Plaintiff's Notice of Filings in Related Cases and the Courts Leave to file an Amended Complaint for Patent Infringement under 35.U.S.C. §§ 154(a)(1) and 271(g)", was served upon the following Defendant via e-mail:

Melissa R. Smith

GILLAM & SMITH, LLP

303 South Washington Avenue

Marshall, Texas, 75670

Phone: (903) 934-8450

Fax: (903) 934-9257

Email: Melissa@gillamsmithlaw.com

s/ *Larry Golden*

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-992-7104

6

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

CASE NO: <u>6:26-cv-00831-LJC</u>

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 992-7104

Email: atpg-tech@charter.net

| | |
|---|---|
| LARRY GOLDEN,<br><br>     Plaintiff,<br><br>     v.<br><br>GOOGLE, LLC<br><br>     Defendant. | **JURY TRIAL DEMANDED**<br><br>**Infringement of a Patented Process under 35 U.S.C. § 154(a)(1) & 35 U.S.C. § 271(g); Shifting of Burden under 35 U.S.C. § 295; Collecting a Reasonable Royalty under 35 U.S.C. § 284; and, Willful Patent Infringement**<br><br>May XX, 2026 |

## <u>PLAINTIFF'S AMENDED COMPLAINT</u>

Pursuant to Judge James Donato's court order, Plaintiff is filing this amended complaint "removing all allegations relating to infringement of U.S. Patent Nos. 10,163,287 and 10,984,619" [Dkt. No. 63] under 35 U.S.C. § 271(a); because the Court believes Plaintiff's complaint "improperly seeks to relitigate claims foreclosed by prior judgements" [Dkt. No. 67].

Although, throughout Plaintiff's complaint Plaintiff repeatedly states he is not attempting to relitigate the prior judgements of twelve Federal Judges…

**CONTENTS**

**Page**

| | |
|---|---|
| | CAUSES OF ACTIONS |
| | 35 U.S.C. § 154(a)(1) |
| | 35 U.S.C. § 271(g) |
| | 35 U.S.C. § 295 |
| | 35 U.S.C. § 284 |
| | Willful Patent Infringement |
| | COMPLAINT FOR PATENT INFRINGEMENT |
| | PARTIES |
| | STANDARD FOR REVIEW |
| | JURISDICTION AND VENUE |
| | PATENT ELIGIBILITY AND MUTUAL EXCLUSIVITY |
| | PLAINTIFF'S DEMAND FOR A JURY TRIAL |
| | Damages |
| | Twelve Federal Judges Validates Plaintiff's Infringement Theory |
| | Twelve Federal Judges Identifies Where on the Inside of the Google Devices the Detection Capability is Located |
| | Google's Smartphone Biosensors Submitted to the Courts |
| | Three Administrative Judges at the PTAB Construed the Term *"Built-in, embedded"* to Include a Detection Capability External the Google Devices |
| | GOOGLE "*MODIFIED*" THE "CELL PHONE" FOR INTEGRATION WITH A DETECTION CAPABILITY |

| |
|---|
| The Cell-All Demonstration Participants and Program Outline |
| GOOGLE IMPORTS INTO THE UNITED STATES PRODUCTS MADE BY PLAINTIFF PATENTED PROCESS §§ 154(a)(1) & 271(g) |
| INFRINGEMENT DIFFERENCES BETWEEN SECTIONS 271(a) & 271(g) |
| GOOGLE ANDROID ECOSYSTEM |
| GOOGLE / WAYMO'S SELF-DRIVING VEHICLES |
| *Vehicular Automation *Advanced Driver-Assistance Systems (ADAS) *Software * Perception *Navigation *Applications for Google's Self-Drive Vehicles *Google's Self-Drive Vehicles additional features |
| COUNT I: Google's "*modified*" Cell Phones |
| COUNT II: Google's CPU for Apple's "*modified*" Cell Phone |
| COUNT III: Google's iOS for Apple's "*modified*" Cell Phone |
| COUNT IV: Google's Megapixel Camera for Google's "*modified*" Cell Phone |
| COUNT V: Google's GPS for Google's "*modified*" Cell Phone |
| COUNT VI: Google's Biometric ID for Google's "*modified*" Cell Phone |
| COUNT VII: Google's Disabling Lock for Google's "*modified*" Cell Phone |
| COUNT VIII: Google's NFC for Google's "*modified*" Cell Phone |
| COUNT IX: Google's Watch Series for Google's "*modified*" Cell Phones |

10

| | |
|---|---|
| | COUNT X:<br>Google's Wi-Fi Chips for connecting Google's "*modified*" Cell Phones |
| | COUNT XI:<br>Google's Wireless Protocols for connecting the Google Watch Series |
| | COUNT XII:<br>Google's Wireless Protocols for connecting Google's "Find My Device" |
| | COUNT XIII:<br>Google's Wireless Protocols for connecting Google's<br>"Android Digital Car Key" |
| | COUNT XIV:<br>Google's Nine "Standard Biosensors" for Google's "*modified*"<br>Cell Phone |
| | <span style="color:red">Waymo Van [NOT FINISHED]</span> |
| | <span style="color:red">Waymo self-drive [NOT FINISHED]</span> |
| | PLAINTIFF'S ALLEGED WILLFUL PATENT INFRINGEMENT |
| | Willful Infringement Requires a Finding of Direct Infringement |
| | Knowledge requirement for Willful Patent Infringement |
| | Under Rule 14(b) |
| | Correspondence |
| | Service of Complaint |
| | Plaintiff's Demand for a Jury Trial to Decide Willfulness |
| | CONCLUSION |
| | PRAYER FOR RELIEF |
| | DEMAND FOR JURY TRIAL |

# Exhibit B

Notice of Fillings

Copy of Amended Complaint in:

*Golden v. Apple* Case No. 26-0224, Dkt. 14; filed in

the Western District of Texas—Waco Court.