**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-CV-00596-DAE |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S**
**<u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       A.     The Asserted Patents and Plaintiff's Litigation Campaign . . . . . . . . . . . . . . . . . .2

       B.     Mr. Golden's Litigation Against the United States . . . . . . . . . . . . . . . . . . . . . . . .2

       C.     Mr. Golden's Previous Litigation Against Samsung . . . . . . . . . . . . . . . . . . . . . . .4

       D.     Mr. Golden's Original Complaint in This Action . . . . . . . . . . . . . . . . . . . . . . . . . .6

       E.     Samsung's Motion to Dismiss and Mr. Golden's Motion for Leave to Amend . . . 7

       F.     Mr. Golden's Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I.    Res Judicata and the Kessler Doctrine Bar All Claims in the Amended Complaint . . . . . 7

       A.     Res Judicata Bars All Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       B.     The Kessler Doctrine Bars all Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

II.   The Amended Complaint Fails to State a Claim for Infringement . . . . . . . . . . . . . . . . .12

       A.     The Amended Complaint Does Not Allege a Cause of Action . . . . . . . . . . . . . . 12

       B.     The Amended Complaint Does Not Allege Infringement . . . . . . . . . . . . . . . . . . 14

III.  The Court Should Deny Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

# TABLE OF AUTHORITIES

*Cases*                                                                    *Page*

*Allen v. McCurry*,
    449 U.S. 90 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Artesia Springs, LLC v. DS Waters of Am., Inc.*,
    No. 14-791, 2015 WL 12712643 (W.D. Tex. Jan. 13, 2015),
    *R. & R. adopted*, 2015 WL 12712644 (W.D. Tex. Jan. 31, 2015) . . . . . . . . . . . . . . . . . . . . . 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Askan v. FARO Techs., Inc.*,
    No. 22-2117, 2023 WL 4101351 (Fed. Cir. June 21, 2023),
    *aff'd*, No. 24-2258, 2025 WL 1363303 (Fed. Cir. May 12, 2025) . . . . . . . . . . . . . . . 11, 14, 15

*Avila v. Ocwen Loan Servicing, LLC*,
    No. 14-460, 2014 WL 12580450 (W.D. Tex. June 6, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bayer AG v. Housey Pharms., Inc.*,
    169 F. Supp. 2d 328 (D. Del. 2001),
    *aff'd*, 340 F.3d 1367 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Brain Life, LLC v. Elekta Inc.*,
    746 F.3d 1045 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Brewster v. Dretke*,
    587 F.3d 764 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Brown v. Felsen*,
    442 U.S. 127 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Duffie v. United States*,
    600 F.3d 362 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Foster v. Hallco Mfg. Co.*,
    947 F.2d 469 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*G&G Closed-Cir. Events, LLC v. Kelpim, Inc.*,
    No. 24-408, 2025 WL 3769290 (W.D. Tex. Aug. 31, 2025) . . . . . . . . . . . . . . . . . . . . . . . 12

**TABLE OF AUTHORITIES**
*(continued)*

*Cases*                                                                    *Page*

*Golden v. Apple Inc.,*
  No. 22-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Golden v. Intel Corp.,*
  642 F. Supp. 3d 1066 (N.D. Cal. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Golden v. Intel Corp.,*
  No. 23-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Golden v. Qualcomm Inc.,*
  No. 22-3283, 2023 WL 2530857 (N.D. Cal. Mar. 15, 2023) . . . . . . . . . . . . . . . . . . . . . . . . 16

*Golden v. Samsung Elecs. Am., Inc.,*
  No. 23-48, 2023 WL 3919466 (N.D. Cal. June 8, 2023) . . . . . . . . . . . . . . . . . . 5, 8, 10-11, 16

*Golden v. Samsung Elecs. Am., Inc.,*
  No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

*Golden v. Samsung Elecs. Am., Inc.,*
  144 S. Ct. 1395 (2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Golden v. United States,*
  156 Fed. Cl. 623 (2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*Golden v. United States,*
  No. 22-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022) . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Golden v. United States,*
  171 Fed. Cl. 33 (2024),
  *aff'd*, No. 24-2256, 2025 WL 900873 (Fed. Cir. Mar. 24, 2025) . . . . . . . . . . . . . . . . . . 10, 11

*Hall v. Hodgkins,*
  305 F. App'x 224 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Helferich Pat. Licensing, LLC v. New York Times Co.,*
  778 F.3d 1293 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Herrmann v. Bridger,*
  No. 24-545, 2024 WL 4849079 (W.D. Tex. Nov. 20, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.,*
  49 F.3d 1551 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

**TABLE OF AUTHORITIES**
*(continued)*

*Cases*                                                                 *Page*

*Huang v. Huawei Techs. Co.*,
  787 F. App'x 723 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Indect USA Corp. v. Park Assist, LLC*,
  No. 24-1023, 2026 WL 41173 (Fed. Cir. Jan. 7, 2026) . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Indivior Inc. v. Dr. Reddy's Lab'ys, S.A.*,
  752 F. App'x 1024 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10, 11

*Ireland v. Simmons*,
  No. 25-162, 2025 WL 3776816 (W.D. Tex. Dec. 31, 2025) . . . . . . . . . . . . . . . . . . . . . . .15

*Kessler v. Eldred*,
  206 U.S. 285 (1907) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*,
  590 U.S. 405 (2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
  58 F.3d 616 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Muhammad v. Wiles*,
  No. 19-51, 2023 WL 3143434 (W.D. Tex. Feb. 14, 2023),
  *R. & R. adopted*, 2023 WL 3676954 (W.D. Tex. May 26, 2023) . . . . . . . . . . . . . . . . . . . . . 15

*Oreck Direct, LLC v. Dyson, Inc.*,
  560 F.3d 398 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re PersonalWeb Techs. LLC*,
  961 F.3d 1365 (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9, 10

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
  688 F.3d 214 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Petro–Hunt, L.L.C. v. United States*,
  365 F.3d 385 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7-8

*Red Rock Analytics, LLC v. Apple Inc.*,
  No. 21-346, 2021 WL 5828368 (W.D. Tex. Dec. 8, 2021) . . . . . . . . . . . . . . . . . . . . . . . .10, 11

*SimpleAir, Inc. v. Google LLC*,
  884 F.3d 1160 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

**TABLE OF AUTHORITIES**
*(continued)*

*Cases*                                                                 *Page*

*In re Southmark Corp.*,
   163 F.3d 925 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Stripling v. Jordan Prod. Co., LLC*,
   234 F.3d 863 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

*Syngenta Crop Prot., LLC v. Willowood, LLC*,
   944 F.3d 1344 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

*In re Vitro Asset Corp.*,
   656 F. App'x 717 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wade v. Household Fin. Corp.*,
   No. 17-148, 2017 WL 2533535 (W.D. Tex. June 8, 2017) . . . . . . . . . . . . . . . . . . . . . . .8

*Wicker v. Seterus, Inc.*,
   No. 15-331, 2016 WL 2622017 (W.D. Tex. May 5, 2016) . . . . . . . . . . . . . . . . . . . . . . .8

*Wis. Alumni Rsch. Found. v. Apple Inc.*,
   112 F.4th 1364 (Fed. Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Statutes and Rules*

28 U.S.C. § 1338(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1498(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

35 U.S.C. § 154(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

35 U.S.C. § 261 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

35 U.S.C. § 271(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 12, 13, 14

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11-12

*Other Authorities*

18 Wright & Miller, *Federal Practice and Procedure* § 4407 (3d ed. 2016) . . . . . . . . . . . . . . . . 9

*Golden v. Samsung Elecs. Am., Inc.*,
   No. 23-48, Docket No. 1 (N.D. Cal. Jan. 5, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 11

*Golden v. Samsung Elecs. Am., Inc.*,
   No. 23-48, Docket No. 7 (N.D. Cal. Feb. 21, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

## **TABLE OF AUTHORITIES**
*(continued)*

*Cases*                                                         *Page*

*Golden v. Samsung Elecs. Am., Inc.,*
No. 23-48, Docket No. 38 (N.D. Cal. June 13, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Golden v. Samsung Elecs. Am., Inc.,*
No. 23-48, Docket No. 39 (N.D. Cal. June 15, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Golden v. Samsung Elecs. Am., Inc.,*
No. 23-48, Docket No. 40 (N.D. Cal. June 22, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Golden v. Samsung Elecs. Am., Inc.,*
No. 23-2120, Docket No. 30 (Fed. Cir. Mar. 12, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Golden v. United States,*
No. 13-307, Docket No. 1 (Fed. Cl. May 1, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Golden v. United States,*
No. 13-307, Docket No. 195 (Fed. Cl. Nov. 3, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Golden v. United States,*
No. 13-307, Docket No. 240 (Fed. Cl. Sept. 1, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 11

*Golden v. United States,*
No. 13-307, Docket No. 251 (Fed. Cl. Nov. 23, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## **INTRODUCTION**

The operative complaint is plaintiff Larry Golden's second attempt to bring his third lawsuit claiming patent infringement by Samsung devices. Every court that has examined Mr. Golden's claims has found them meritless. This Court should do the same.

Mr. Golden first sued the United States of America in the Court of Federal Claims, alleging infringement by use of Samsung devices. But Mr. Golden could not formulate an infringement theory. The Court gave Mr. Golden eight years to do so; when all his attempts were fruitless, the Court dismissed his claims with prejudice. Mr. Golden appealed, and lost.

Mr. Golden then sued Samsung in the Northern District of California, asserting the same patents against the same products. The court found Mr. Golden's claims barred by res judicata and the *Kessler* doctrine, and again found that he could not formulate an infringement theory. Again, the Court dismissed his claims with prejudice. Again, Mr. Golden appealed, and lost.

Mr. Golden fares no better in this action. His amended complaint substitutes length for quality, occupying 287 pages but asserting only claims barred under res judicata and the *Kessler* doctrine. And Mr. Golden remains unable to formulate an infringement theory. The complaint never asserts infringement of even a single patent claim, instead asserting infringement of disconnected claim elements, which cannot suffice. And the complaint claims infringement only under § 271(g) but asserts no method claims, which § 271(g) requires. Even without Mr. Golden's long history of litigation failure, the amended complaint would fail on its own merits, or lack thereof.

The Court should not condone Mr. Golden's repeated reassertion of deficient allegations, but should follow other courts in denying further leave to amend and dismissing the amended complaint with prejudice.

## **BACKGROUND**

### A.    The Asserted Patents and Plaintiff's Litigation Campaign

Plaintiff Larry Golden holds twelve related patents including the eleven in this action: U.S. Patent Nos. 7,385,497, 8,106,752, 8,334,761, 8,531,280, 9,096,189, 9,589,439, 10,163,287, 10,984,619, 11,645,898, RE43,891, and RE43,990.  Since 2013, Mr. Golden has asserted his portfolio in an unsuccessful litigation campaign, filing sixteen complaints claiming infringement against the United States of America as well as Apple, Google, Intel, Qualcomm, and Samsung.[1] None of Mr. Golden's claims have made it past the pleadings.  *See id.*  Mr. Golden's patents claim "anti-terrorist detection and prevention systems," specifically, "a chemical/biological/ radiological detector unit with a disabling locking system for protecting products that can be grouped into several product groupings, from terrorist activity, and also for preventing unauthorized access to and tampering with the storage and transport of ordnance and weapons."[2]

### B.    Mr. Golden's Litigation Against the United States

More than ten years ago, Mr. Golden filed his first action claiming patent infringement. In the Court of Federal Claims, Mr. Golden claimed under 28 U.S.C. § 1498(a) that the United

---

[1] *Golden v. United States*, No. 13-307 (Fed. Cl. May 1, 2013); *Golden v. United States*, No. 19-104 (Fed. Cl. Jan. 17, 2019); *Golden v. Apple, Inc.*, No. 19-2557 (D.S.C. Sept. 11, 2019); *Golden v. Apple, Inc.*, No. 20-2270 (D.S.C. June 16, 2020); *Golden v. Apple, Inc.*, No. 20-4353 (D.S.C. Jan. 5, 2021); *Golden v. Google LLC*, No. 21-244 (D.S.C. Jan. 26, 2021); *Golden v. Qualcomm Inc.*, No. 22-3283 (N.D. Cal. June 6, 2022); *Golden v. Intel Corp.*, No. 22-3828 (N.D. Cal. June 28, 2022); *Golden v. Apple, Inc.*, No. 22-4152 (N.D. Cal. July 15, 2022); *Golden v. Google LLC*, No. 22-5246 (N.D. Cal. Sept. 14, 2022); *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48 (N.D. Cal. Jan. 5, 2023); *Golden v. United States*, No. 23-185 (Fed. Cl. Feb. 7, 2023); *Golden v. United States*, No. 23-811 (Fed. Cl. May 31, 2023); *Golden v. Google LLC,* No. 25-434 (W.D. Tex. Sept. 18, 2025); *Golden v. Samsung Elecs. Am., Inc.,* No. 25-596 (W.D. Tex. Dec. 22, 2025); *Golden v. Apple, Inc.*, No. 26-224 (W.D. Tex. Apr. 6, 2026).

[2] '497 at 1:6-12, 2:53-58; '752 at 1:22-27, 2:65 to 3:4; '761 at 1:19-24, 2:62 to 3:1; '280 at 1:24-29, 2:65 to 3:3; '189 at 1:40-45, 3:17-22; '439 at 1:47-52, 3:25-30; '287 at 1:57-62, 3:36-41; '619 at 1:52-57, 3:30-35; '898 at 1:56-61, 3:36-41; RE'891 at 1:39-44, 3:17-22; RE'990 at 1:39-44, 3:17-22.

States had infringed U.S. Patent No. RE43,990.  *Golden v. United States*, No. 13-307, Docket

No. 1 (Fed. Cl. May 1, 2013).  Mr. Golden amended his complaint many times; his sixth and

final amended complaint alleged that "[a]s a result of contracts with the U.S. Department of

Homeland Security (DHS), Synkera Technologies Inc., and NASA's Ames Research Center;

cooperative agreements with LG Electronics, Apple Inc., and Samsung Electronics," the United

States government infringed the '497, '752, '189, '439, and '287 patents.  *Id.*, Docket No. 195

at 8 (Fed. Cl. Nov. 3, 2020).  Mr. Golden accused Samsung products of infringement, including

Galaxy Note, Galaxy S, and Galaxy Watch products.  *See id.*, Docket No. 240 at 5-6 (Fed. Cl.

Sept. 1, 2021).  On September 1, 2021, the United States moved to dismiss Mr. Golden's

complaint, stating that, "[n]owhere in the nearly 2,000 pages submitted by Plaintiff is a plausible

theory of Government infringement of any one of the twenty-five asserted patent claims, for any

one of the twenty-eight accused Apple, Samsung, or LG product models."  *Id.* at 2.

On November 10, 2021, the Court of Federal Claims granted this motion, and dismissed

Mr. Golden's sixth amended complaint with prejudice.  *Golden v. United States*, 156 Fed. Cl.

623, 632 (2021).  The Court found a "painfully obvious problem with plaintiff's case:  he has not,

and at this point in the litigation we must presume cannot, credibly allege what component of the

accused Apple, or Samsung for that matter, devices infringe literally, or is even equivalent to,

hazard detectors or sensors claimed in his patents."  *Id.* at 629.  The Court further found that

Mr. Golden had failed "to identify in the accused devices any locking mechanism or function as

claimed" (*id.* at 630), and that "remaining limitations of the claim chart are almost entirely

deficient as well."  *Id.* at 631.  The Court concluded that:

> Plaintiff has had eight years to come up with a plausible theory of infringement
> against the United States and the third parties whose products he alleges were
> made at the behest of the government.  Mr. Golden has amended his complaint six
> times in response to the government's objections to the shortcomings in his

– 3 –

pleadings. As we warned earlier, failure to produce a sufficiently detailed claim chart would cause the court to assume that it cannot be done. That has happened. Enough time and resources have been expended by the court and the Department of Justice dealing with these allegations.

*Id.* at 632. Mr. Golden appealed. *Golden v. United States*, No. 13-307, Docket No. 251 (Fed. Cl. Nov. 23, 2021). The Federal Circuit affirmed, holding that "[d]espite having eight years to develop his case and two chances to provide infringement contentions compliant with Patent Rule 4, Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents: the sensor and locking limitations." *Golden v. United States*, No. 22-1196, 2022 WL 4103287, at *2 (Fed. Cir. Sept. 8, 2022).

### C.    Mr. Golden's Previous Litigation Against Samsung

On January 5, 2023, Mr. Golden filed a complaint against Samsung in the Northern District of California, alleging infringement of the '189, '439, and '287 patents. *Golden v. Samsung Elecs. Am., Inc.*, No. 23-48, Docket No. 1 (N.D. Cal. Jan. 5, 2023). Samsung moved to dismiss, making two arguments. *Id.*, Docket No. 7 (N.D. Cal. Feb. 21, 2023). First, Samsung moved to dismiss under the *Kessler* doctrine. *Id.* at 11:5 to 12:18. Samsung explained that, in the Court of Federal Claims, Mr. Golden's "Sixth Amended Complaint (hereafter, the 'CFC Complaint') against the government accused, *inter alia*, products of several of the government's purported contractors, including Samsung and Apple, of infringing claims 1-9 of the '189 patent, claims 13-23 of the '439 patent, and claims 4-6 of the '287 patent." *Id.* at 3:24-27. Samsung further explained that Mr. Golden's new complaint "accuses the same Samsung Galaxy products of infringing the Asserted Patents as he did in his CFC Complaint, which the Court of Federal Claims dismissed with prejudice in 2021 after eight years of litigation that did not proceed past the pleading stage." *Id.* at 11:5-7. As a result, Samsung explained, Mr. Golden's California

– 4 –

complaint was precluded "under the *Kessler* doctrine, as well as the doctrine of issue preclusion."

*Id.* at 11:9-11; *see id.* at 11:5 to 12:18.  Separately, Samsung also argued that Mr. Golden's

complaint failed to state a claim for direct infringement, stating that:

> The Complaint alleges that the accused Samsung Galaxy devices ***could*** infringe the asserted claims ***only if*** another application, ATAK, which Golden admits that Samsung does not make or sell, is added.  Accordingly, rather than alleging that Samsung makes or sells infringing products, Golden merely asserts that ***someone else could modify*** the accused Galaxy devices to be allegedly infringing by adding the ATAK application, which the Complaint concedes is created by the U.S. military.

*Id.* at 13:8-12 (emphasis in original).  On June 8, the court dismissed Mr. Golden's complaint

with prejudice.  *Id.*, 2023 WL 3919466, at *1 (N.D. Cal. June 8, 2023).  The Court stated that:

> Golden was given a full opportunity to litigate his claims *regarding Samsung's products* in his Federal Court of Claims case.  His complaint was dismissed with prejudice, and that dismissal was affirmed by the Federal Circuit.  *See generally Golden v. United States*, 2022 WL 4103287.  Traditional principles of preclusion apply to that decision and the *Kessler* doctrine bars Golden's attempt to sweep in newer Samsung products under the identical theories of infringement rejected by the Federal Court of Claims and affirmed by the Federal Circuit.  This case is barred by issue preclusion.

*Id.* at *2 (emphasis in original) (footnotes omitted).  The Court further held that "[e]ven if

preclusion did not apply – and it does – this case must be dismissed for failure to plausibly allege

infringement," because "[t]he allegations that his patents cover the identified functionalities

included in Samsung's products are wholly unsupported and implausible on their face," and that

"[s]imilarly broad and unspecific assertions of infringement against Apple, Intel, and Qualcomm

have been dismissed without leave to amend by judges in this District."  *Id.* at *2-3.

Mr. Golden moved for reconsideration, which the Court denied.  *Golden v. Samsung*

*Elecs. Am., Inc.*, No. 23-48, Docket Nos. 38 (N.D. Cal. June 13, 2023), 39 (N.D. Cal. June 15,

2023).  Mr. Golden appealed to the Federal Circuit.  *Id.*, Docket No. 40 (N.D. Cal. June 22,

2023).  After briefing, the Federal Circuit affirmed, finding that "Mr. Golden's allegations, even if

true, at best establish that Samsung's smartphones might be modified post-sale to perform the accused detector/sensor functionality, which is not enough for direct infringement on the claims here." *Golden v. Samsung Elecs. Am., Inc.*, No. 23-2120, 2024 WL 539973, at *3 (Fed. Cir. Feb. 12, 2024) (citing *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1555 (Fed. Cir. 1995)).  Mr. Golden sought *certiorari* to the Supreme Court.  *Golden v. Samsung Elecs. Am., Inc.*, No. 23-2120, Docket No. 30 (Fed. Cir. Mar. 12, 2024).  The Supreme Court denied Mr. Golden's petition.  *Golden v. Samsung Elecs. Am., Inc.*, 144 S. Ct. 1395 (2024).

## D.    Mr. Golden's Original Complaint in This Action

On December 22, 2025, Mr. Golden filed this action.  Docket No. 1.  Mr. Golden alleged that Samsung devices infringed the same '189, '439, and '287 patents asserted in the previous two actions, as well as the '619 patent.  *Id.* at 53-61.  "Plaintiff chose not to attach claim charts because Plaintiff is not trying to re-litigate any issues that have already been decided in the previous courts."  *Id.* at 4, 62.  The complaint asserted, without citation and without basis, that "[w]e know how Plaintiff's patents are infringed; what a jury will decide is when the Samsung accused devices were manufactured and 'suitable for use' as a CBRNE-H sensing device."  *Id.* at 4, 62.  The complaint admitted Mr. Golden's prior losses in various courts, and acknowledged as "*CORRECT*" the previous findings that "the accused devices of Samsung required '*modification*' in order to infringe Plaintiff's patents."  *Id.* at 3 (emphasis in original); *see id.* at 7-11.  But plaintiff then claimed that "it is Samsung itself who is the party responsible for 'modifying' the cell phone to function as a CBRNE-H detection device.  Samsung is accused of 'making' the alleged infringing products."  *Id.* at 12.  The complaint then added the word "*modified*," to various allegations, and appears to assume that the addition of this word requires a finding of

– 6 –

infringement.  *E.g.*, *id.* at 20-21, 26-28, 30-36, 38-43, 46-47, 50-52.  Plaintiff asserted only direct infringement of the four asserted patents, under his "modification" theory.  *Id.* at 3, 53-61.

**E.      Samsung's Motion to Dismiss and Mr. Golden's Motion for Leave to Amend**

On February 20, 2026, Samsung moved to dismiss the complaint.  Docket No. 10. Samsung explained that res judicata and the *Kessler* doctrine barred all counts, and that all counts failed to state a claim.  *See id.*  Mr. Golden sought leave to amend; the Court granted this request, and denied Samsung's motion to dismiss without prejudice to refiling.  Docket Nos. 15, 17, 18.

**F.      Mr. Golden's Amended Complaint**

On June 25, 2026, Mr. Golden filed his amended complaint.  Am. Compl.  This complaint asserts eleven patents; for all eleven of these patents, Mr. Golden alleges infringement by alleged Samsung "'*modified*' cell phones," which he claims his previous losses allow him to accuse. Am. Compl. at 11-14; *see, e.g.*, *id.* at 22-26.

**ARGUMENT**

**I.      Res Judicata and the *Kessler* Doctrine Bar All Claims in the Amended Complaint**

**A.      Res Judicata Bars All Claims**

"Res judicata 'bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'"  *In re Vitro Asset Corp.*, 656 F. App'x 717, 723 (5th Cir. 2016) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)).  A "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  "The test for claim preclusion has four elements:  (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of

– 7 –

competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) (citing *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)).  "Claim preclusion in a patent case typically exists when a patentee attempts to assert the same patent against the same party and the same subject matter.  Subject matter is the same for claim preclusion purposes if the earlier accused devices and the devices accused in the current action are 'essentially the same.'"  *Huang v. Huawei Techs. Co.*, 787 F. App'x 723, 726 (Fed. Cir. 2019) (citation omitted) (quoting *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479-80 (Fed. Cir. 1991)).  "[D]ismissal under Rule 12(b)(6) is proper if the elements of res judicata are apparent 'based on the facts pleaded and judicially noticed,'" and the Court can resolve "the issue of res judicata by relying only on the facts pleaded in Plaintiff's Complaint and the judicially noticed record in the prior lawsuits."  *Wicker v. Seterus, Inc.*, No. 15-331, 2016 WL 2622017, at *4 (W.D. Tex. May 5, 2016) (quoting *Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008)); *see also Herrmann v. Bridger*, No. 24-545, 2024 WL 4849079, at *3-4 (W.D. Tex. Nov. 20, 2024); *Avila v. Ocwen Loan Servicing, LLC*, No. 14-460, 2014 WL 12580450, at *2-3 (W.D. Tex. June 6, 2014).

All four elements are present here.  Mr. Golden explicitly pleads as much, alleging that rulings from "Twelve Federal Judges," including in his previous action against Samsung, specifically authorize his present claims.  *E.g.*, Am. Compl. at 22-26.  The parties here are identical with Mr. Golden's previous case against Samsung.  *Compare* Am. Compl. *with Golden v. Samsung Elecs. Am., Inc.*, No. 23-48, Docket No. 1 (N.D. Cal. Jan. 5, 2023).  The previous court had jurisdiction under 28 U.S.C. § 1338(a) and issued a "[d]ismissal under 12(b)(6)," which "constitutes a final judgment on the merits."  *Wade v. Household Fin. Corp.*, No. 17-148, 2017 WL 2533535, at *3 (W.D. Tex. June 8, 2017); *see Golden v. Samsung Elecs.*, 2023 WL

3919466, at \*1-2.  In addition, "claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated.  If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).  "It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together."  *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995).  Plaintiff cannot seek "a different judgment in the second action [that] would impair or destroy rights or interests established by the judgment entered in the first action."  *Lucky Brand*, 590 U.S. at 413 (quoting 18 Wright & Miller, *Federal Practice and Procedure* § 4407 (3d ed. 2016)).  "Regardless of the number of substantive theories available to a party and regardless of the differences in the evidence needed to support each of those theories, a party may not split a single claim into separate grounds of recovery and raise those separate grounds in successive lawsuits."  *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1375 (Fed. Cir. 2020) (citing *Mars*, 58 F.3d at 619).

That is precisely what Mr. Golden seeks to do here.  But he cannot escape preclusion, even when asserting new patents or claims, "if the scope of the asserted patent claims in the two suits is essentially the same."  *Indivior Inc. v. Dr. Reddy's Lab'ys, S.A.*, 752 F. App'x 1024, 1034 (Fed. Cir. 2018) (quoting *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1167 (Fed. Cir. 2018)).  "In applying that standard to the particular context here," this Court can "conclude that claims

– 9 –

which are patentably indistinct are essentially the same." *Indivior*, 752 F. App'x at 1034

(quoting *SimpleAir*, 884 F.3d at 1167). The amended complaint admits this point, alleging the

patents-in-suit cover the same "'*modified*' cell phones," and claiming no differences in their

scope of coverage. Am. Compl. ¶¶ 23, 49, 77, 102, 127, 155, 183, 212, 241, 270, 299, 328, 357,

387, 416; *see id.* at 50-280. The complaint thus confirms that all eleven asserted patents are

"patentably indistinct" and that res judicata bars each here. *Indivior*, 752 F. App'x at 1034.

### B.        The *Kessler* Doctrine Bars All Claims

"In *Kessler v. Eldred*, the Supreme Court adopted an enlargement of traditional claim and

issue preclusion doctrines to further preserve the utility of previous judgments of non-

infringement by holding that a prior judgment of non-infringement would bar new infringement

claims for post-judgment acts, against third parties, and covering very similar accused devices."

*Golden v. United States*, 171 Fed. Cl. 33, 37 (2024) (citing *Kessler v. Eldred*, 206 U.S. 285

(1907)), *aff'd*, No. 24-2256, 2025 WL 900873 (Fed. Cir. Mar. 24, 2025). "The purpose of this

doctrine is to '[allow] an adjudged non-infringer to avoid repeated harassment for continuing its

business as usual post-final judgment in a patent action where circumstances justify that result.'"

*Red Rock Analytics, LLC v. Apple Inc.*, No. 21-346, 2021 WL 5828368, at *2 (W.D. Tex. Dec. 8,

2021) (alteration in original) (quoting *PersonalWeb Techs.*, 961 F.3d at 1376). "A patent

infringement claim is precluded under the *Kessler* doctrine when (1) the defendant is an

adjudged non-infringer and (2) 'the earlier judgment held that essentially the same accused

activity did not infringe the patent.'" *Red Rock*, 2021 WL 5828368, at *2 (quoting *SimpleAir*,

884 F.3d at 1170); *see, e.g.*, *Wis. Alumni Rsch. Found. v. Apple Inc.*, 112 F.4th 1364, 1386 (Fed.

Cir. 2024). Courts dismiss under *Kessler* at the pleading stage, including in two of Mr. Golden's

cases. *E.g.*, *Golden v. United States*, 171 Fed. Cl. at 37; *Golden v. Samsung Elecs.*, 2023 WL

3919466, at *2; *see e.g., Askan v. Faro Techs. Inc.,* No. 21-1366, 2022 WL 12058559, at *4 (M.D. Fla. July 8, 2022), *aff'd*, No. 22-2117, 2023 WL 4101351 (Fed. Cir. June 21, 2023).

Both elements of the *Kessler* doctrine are present here. The Court of Federal Claims in the first action, *Golden v. United States*, 171 Fed. Cl. at 37, and the Northern District of California in the second action, *Golden v. Samsung Elecs. Am., Inc.*, 2023 WL 3919466, at *3, both issued a "dismissal with prejudice" that "has a preclusive effect under the *Kessler* doctrine," making Samsung an adjudged non-infringer. *Askan*, 2023 WL 4101351, at *3 ; *see id.* at *3-4 (collecting cases). And the "earlier judgment[s]" in the Court of Federal Claims and Northern District of California "held that 'essentially the same' accused activity did not infringe" the patents asserted in this action. *Red Rock*, 2021 WL 5828368, at *2. In his previous litigations, Mr. Golden claimed infringement by Samsung Galaxy devices. *See Golden v. United States*, No. 13-307, Docket No. 240 at 5-6; *Golden v. Samsung Elecs.*, No. 23-48, Docket No. 1 at 10-12. In this action, Mr. Golden also claims infringement by Samsung Galaxy devices, which are the "originally accused products" or "subsequent versions" of those products with "'no material differences' between the accused products in each suit"; the *Kessler* doctrine precludes both. *Wis. Alumni*, 112 F.4th at 1386 (quoting *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1058 (Fed. Cir. 2014)); *see Askan*, 2023 WL 4101351, at *5; *see, e.g.*, Am. Compl. at 4, 11-14, 22-30. And the complaint claims the patents-in-suit are "patentably indistinct from those previously adjudicated," so the *Kessler* doctrine bars Mr. Golden's assertion of all patents. *Indivior*, 752 F. App'x at 1034; *see supra* § I.A. The Court should dismiss all claims under the *Kessler* doctrine.

## II.    The Amended Complaint Fails to State a Claim for Infringement

In addition to res judicata and *Kessler* doctrine deficiencies, the Court should also find that the amended complaint fails "to state a claim upon which relief can be granted." Fed. R.

Civ. P. 12(b)(6).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *G&G Closed-Cir. Events, LLC v. Kelpim, Inc.*, No. 24-408, 2025 WL 3769290, at \*1 (W.D. Tex. Aug. 31, 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 678.  Mr. Golden's do not.

### A.    The Amended Complaint Does Not Allege a Cause of Action

Each of the complaint's counts alleges a cause of action under 35 U.S.C. §§ 154(a)(1) and 271(g).  Am. Compl. ¶ 1; *see id.* ¶¶ 25, 51, 79, 104, 129, 157, 185, 214, 243, 272, 301, 330, 359, 389.  Neither can suffice.  The Court can quickly dismiss Mr. Golden's claimed cause of action under § 154(a)(1), which does not provide a cause of action.  Section 154(a)(1) states that patentees gain a "'right to exclude others,'" but "the creation of a right is distinct from the provision of remedies for violations of that right."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392 (2006) (quoting 35 U.S.C. § 154(a)(1)).  "Indeed, the Patent Act itself indicates that patents shall have the attributes of personal property '[s]ubject to the provisions of this title,'" and therefore Mr. Golden must assert a claim of infringement under which he can vindicate that right.  *eBay*, 547 U.S. at 392 (quoting 35 U.S.C. § 261); *see, e.g.*, *Helferich Pat. Licensing, LLC v. New York Times Co.*, 778 F.3d 1293, 1301 (Fed. Cir. 2015) ("The statute grants a patentee the right to exclude others from, *e.g.*, making or using or selling a patented invention, 35 U.S.C. § 154(a)(1), and it then imposes concomitant legal restrictions on acts that violate the exclusivity right by defining, in closely related terms, what it means for a person to 'infringe' the right, § 271.").  So Mr. Golden cannot state a claim under § 154(a)(1).

That leaves 35 U.S.C. § 271(g), which can provide a cause of action, but not one plaintiff does or can allege here, because "the Federal Circuit has not expanded the application of Section 271(g) beyond methods of manufacture," and the asserted patents do not claim methods or anything about manufacture. *Bayer AG v. Housey Pharms., Inc.*, 169 F. Supp. 2d 328, 330 (D. Del. 2001), *aff'd*, 340 F.3d 1367 (Fed. Cir. 2003). The patents include only system claims, and cannot support allegations of infringement by "methods of manufacture" under § 271(g). *Bayer*, 169 F. Supp. 2d at 330; *see* '497 at 10:60 to 14:25; '752 at 14:47 to 20:49; '761 at 14:37 to 16:38; '280 at 14:61 to 16:46; '189 at 15:12 to 22:35; '439 at 15:47 to 26:46; '287 at 15:59 to 20:24; '619 at 15:50 to 18:43; '898 at 15:60 to 16:64; RE'891 at 14:7 to 26:18; RE'990 at 15:12 to 32:51. Separately, "Section 271(g) addresses only products derived from patented **manufacturing processes**, i.e., methods of actually making or creating a product." *Bayer*, 169 F. Supp. 2d at 330 (emphasis in original); *see, e.g.*, *Syngenta Crop Prot., LLC v. Willowood, LLC*, 944 F.3d 1344, 1362 (Fed. Cir. 2019). To allow infringement under § 271(g), a patent claim must address how to "manufacture" the allegedly infringing product. *Syngenta*, 944 F.3d at 1362. But the asserted patents do nothing of the sort; they claim a manufactured product, not "methods of actually making or creating a product." *Bayer*, 169 F. Supp. 2d at 330; *see* '497 at 10:60 to 14:25; '752 at 14:47 to 20:49; '761 at 14:37 to 16:38; '280 at 14:61 to 16:46; '189 at 15:12 to 22:35; '439 at 15:47 to 26:46; '287 at 15:59 to 20:24; '619 at 15:50 to 18:43; '898 at 15:60 to 16:64; RE'891 at 14:7 to 26:18; RE'990 at 15:12 to 32:51. As a result, even if the asserted patents claimed "a process patented in the United States" (which they do not), one could not use that claimed "process" to build anything, let alone an allegedly infringing product. 35 U.S.C. § 271(g). Mr. Golden's amended complaint claims only aspects of a manufactured product, and not "methods of actually making or creating a product." *Bayer*, 169 F. Supp. 2d at

330; *see* Am. Compl. ¶¶ 23, 49, 77, 102, 127, 155, 183, 212, 241, 270, 299, 328, 357, 387, 416. The amended complaint thus confirms that it cannot state a claim under 35 U.S.C. § 271(g).

### B.    The Amended Complaint Does Not Allege Infringement

The amended complaint also fails to allege infringement.  "A complaint claiming patent infringement must contain 'factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.'"  *Askan v. FARO Techs., Inc.*, No. 24-2258, 2025 WL 1363303, at *2 (Fed. Cir. May 12, 2025) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)).  "Though a plaintiff 'need not prove its case at the pleading stage [and] . . . is not required to plead infringement on an element-by-element basis . . . a plaintiff cannot assert a plausible claim for infringement . . . by reciting the claim elements and merely concluding that the accused product has those elements.'"  *Golden v. Intel Corp.*, No. 23-1257, 2023 WL 3262948, at *2 (Fed. Cir. May 5, 2023) (alterations in original) (quoting *Bot M8*, 4 F.4th at 1352-53).  But that is just what Mr. Golden did in the amended complaint.  Each of Mr. Golden's causes of action follows a similar pattern:  after various unrelated discussions (*e.g.*, Am. Compl. ¶¶ 25-41), it lists accused products (*e.g.*, *id.* ¶ 42), makes some allegations about those products (*e.g.*, *id.* ¶¶ 43-48) and then includes a list, without explanation or clarification, of "claim limitations" that plaintiff claims somehow "cover" the accused products. *E.g.*, *id.* ¶ 49.  The count then wraps up by citing *Twombly* and *Iqbal*, and claiming it has met the standard.  *E.g.*, *id.* ¶ 50.  Mr. Golden does not succeed in explaining how he alleges that any infringement occurs; he does not even try to do so.  Instead, "Mr. Golden's complaint here provides 'nothing more than a list of patent claims and accused products manufactured by [the] defendant for each asserted patent.'"  *Golden v. Intel*, 2023 WL 3262948, at *2 (alteration in original) (quoting *Golden v. Apple Inc.*, No. 22-1229, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8,

– 14 –

2022)).  But actually the amended complaint does not even do that:  instead of providing a disconnected list of patent claims as he has in the past, Mr. Golden now provides only a disconnected list of claim *limitations* he claims are relevant to each count.  Am. Compl. ¶¶ 23, 49, 77, 102, 127, 155, 183, 212, 241, 270, 299, 328, 357, 387, 416.  This cannot suffice.  Infringement requires that "every limitation of the claim is present," so alleging infringement requires at least alleging that "every limitation of the claim is present."  *Indect USA Corp. v. Park Assist, LLC*, No. 24-1023, 2026 WL 41173, at *3 (Fed. Cir. Jan. 7, 2026); *see, e.g.*, *Askan*, 2025 WL 1363303, at *3.  Mr. Golden's allegations in the amended complaint do not come close to doing so.  The Court can and should dismiss the amended complaint for this reason as well.

## III.    The Court Should Deny Leave to Amend

Should the Court grant Samsung's motion to dismiss plaintiff's amended complaint, it has "'sound discretion'" to "grant or deny leave to amend" to plaintiff.  *Artesia Springs, LLC v. DS Waters of Am., Inc.*, No. 14-791, 2015 WL 12712643, at *5 (W.D. Tex. Jan. 13, 2015) (quoting *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012)), *R. & R. adopted*, 2015 WL 12712644 (W.D. Tex. Jan. 31, 2015).  In this action, the Court should exercise its discretion to deny leave to amend.  "Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint unless he has already pled his 'best case.'"  *Muhammad v. Wiles*, No. 19-51, 2023 WL 3143434, at *6 (W.D. Tex. Feb. 14, 2023) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009)), *R. & R. adopted*, 2023 WL 3676954 (W.D. Tex. May 26, 2023).  But "a court need not allow a plaintiff to amend a complaint if the amendment would be futile."  *Ireland v. Simmons*, No. 25-162, 2025 WL 3776816, at *5 (W.D. Tex. Dec. 31, 2025) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).  This is Mr. Golden's third lawsuit claiming infringement by Samsung products and his second complaint in this action; it will

succeed no better than its predecessors.  Bearing his history in mind, courts have dismissed Mr. Golden's complaints, even his original complaints, without leave to amend.  *E.g.*, *Golden v. Samsung Elecs.*, 2023 WL 3919466, at *3 ("Similarly broad and unspecific assertions of infringement against Apple, Intel, and Qualcomm have been dismissed without leave to amend by judges in this District."); *Golden v. Intel Corp.*, 642 F. Supp. 3d 1066, 1073 (N.D. Cal. 2022) ("[W]ere this Golden's first attempt to bring such allegations forward, the Court might be inclined to provide an opportunity for him to expand.  But Golden has had multiple suits, with nearly identical allegations dismissed as frivolous."); *Golden v. Qualcomm, Inc.*, No. 22-3283, 2023 WL 2530857, at *3 (N.D. Cal. Mar. 15, 2023) ("[T]his is the rare case in which dismissal without leave to amend is warranted on the first round motion to dismiss.").  Mr. Golden has had ample opportunity to find his "best case," and has already received leave to amend his complaint. Docket Nos. 17, 18.  Further leave to amend would be fruitless.  For all these reasons, the Court should exercise its discretion to deny plaintiff further leave to amend his complaint.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court dismiss this action, and deny plaintiff further leave to amend the complaint.

Date:  July 30, 2026

Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas, 75670
+1 (903) 934-8450
+1 (903) 934-9257 facsimile
Melissa@gillamsmithlaw.com

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

– 16 –

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that PRO SE is being served via First Class Mail and via email with a copy of this document on July 30, 2026.

/s/ Melissa R. Smith
Melissa R. Smith

– 17 –