**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-CV-00596-DAE |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    Res Judicata and the *Kessler* Doctrine Bar All Claims in the Amended Complaint . . . . . 1

II.    The Amended Complaint Fails to State a Claim for Infringement . . . . . . . . . . . . . . . . . . 2

    A.    The Amended Complaint Does Not Allege a Cause of Action . . . . . . . . . . . . . . . 2

    B.    The Amended Complaint Does Not Allege Infringement . . . . . . . . . . . . . . . . . . . 4

III.    The Court Should Deny Plaintiff Further Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

*Cases*                                                                                        *Page*

*Artesia Springs, LLC v. DS Waters of Am., Inc.*,
  No. 14-791, 2015 WL 12712643 (W.D. Tex. Jan. 13, 2015),
  *R. & R. adopted*, 2015 WL 12712644 (W.D. Tex. Jan. 31, 2015) . . . . . . . . . . . . . . . . . . . . . 7

*Askan v. FARO Techs., Inc.*,
  No. 24-2258, 2025 WL 1363303 (Fed. Cir. May 12, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bayer AG v. Housey Pharms., Inc.*,
  169 F. Supp. 2d 328 (D. Del. 2001),
  *aff'd*, 340 F.3d 1367 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bradberry v. Jefferson Cnty.*,
  732 F.3d 540 (5th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Brewster v. Dretke*,
  587 F.3d 764 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Calpito v. Ocwen Loan Servicing, LLC*,
  No. 13-80, 2014 WL 12480010 (W.D. Tex. Jan. 27, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Castillo v. Bank of Am., N.A.*,
  No. 11-1011, 2012 WL 13149017 (W.D. Tex. June 13, 2012) . . . . . . . . . . . . . . . . . . . . . . . .1

*Crown Die & Tool Co. v. Nye Tool & Mach. Work*,
  261 U.S. 24 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*CTD Networks, LLC v. Amazon.com, Inc.*,
  688 F. Supp. 3d 436 (W.D. Tex. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Dallas Roadster, Ltd.*,
  846 F.3d 112 (5th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*El Paso Disposal, LP v. Ecube Labs Co.*,
  766 F. Supp. 3d 692 (W.D. Tex. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Escamilla v. ADT, LLC*,
  No. 23-1037, 2024 WL 2807028 (W.D. Tex. May 30, 2024) . . . . . . . . . . . . . . . . . . . . . 1, 5, 7

*Fare Techs., LLC v. Uber Techs., Inc.*,
  No. 22-317, 2023 WL 2258334 (W.D. Tex. Feb. 27, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Golden v. Samsung Elecs. Am., Inc.*,
  No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024) . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

# TABLE OF AUTHORITIES

*(continued)*

| *Cases* | *Page* |
|---|---|

*Golden v. United States*,
  No. 25-2128, 2026 WL 672272 (Fed. Cir. Mar. 10, 2026) . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*,
  920 F.3d 890 (5th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Indect USA Corp. v. Park Assist, LLC*,
  No. 24-1023, 2026 WL 41173 (Fed. Cir. Jan. 7, 2026) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ireland v. Simmons*,
  No. 25-162, 2025 WL 3776816 (W.D. Tex. Dec. 31, 2025) . . . . . . . . . . . . . . . . . . . . . . . .7

*Magee v. Life Ins. Co. of N. Am.*,
  261 F. Supp. 2d 738 (S.D. Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*Magema Tech. LLC v. Phillips 66, Phillips 66 Co.*,
  No. 20-2444, 2023 WL 320180 (S.D. Tex. Jan. 19, 2023) . . . . . . . . . . . . . . . . . . . . . . . . .3

*Pedigo v. Austin Rumba, Inc.*,
  No. 08-803, 2009 WL 10669869 (W.D. Tex. July 29, 2009) . . . . . . . . . . . . . . . . . . . . . . . 1

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
  688 F.3d 214 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co.*,
  No. 23-495, 2025 WL 2947701 (E.D. Tex. Oct. 8, 2025),
  *R. & R. adopted*, 2025 WL 3006765 (E.D. Tex. Oct. 27, 2025) . . . . . . . . . . . . . . . . . . . . . .3

*Redpoint Cnty. Mut. Ins. Co. v. Links Ins. Servs., LLC*,
  No. 24-13, 2025 WL 470931 (W.D. Tex. Feb. 12, 2025) . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 7

*Rougeux v. Int'l Bank of Com.*,
  No. 13-1015, 2014 WL 12872429 (W.D. Tex. Apr. 14, 2014) . . . . . . . . . . . . . . . . . . . . . . 6

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
  14 F.4th 1323 (Fed. Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Uniloc USA, Inc. v. Motorola Mobility, LLC*,
  No. 17-1658, 2020 WL 7771219 (D. Del. Dec. 30, 2020),
  *aff'd*, 52 F.4th 1340 (Fed. Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*WesternGeco LLC v. ION Geophysical Corp.*,
  585 U.S. 407 (2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

**<u>TABLE OF AUTHORITIES</u>**
*(continued)*

*Cases* *Page*

*Zoltek Corp. v. United States,*
  672 F.3d 1309 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Statutes and Rules*

28 U.S.C. § 1498(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

35 U.S.C. § 154(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

35 U.S.C. § 271 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

35 U.S.C. § 271(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

35 U.S.C. § 271(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

35 U.S.C. § 284 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

35 U.S.C. § 295 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

## INTRODUCTION

Plaintiff's opposition confirms that the Court should dismiss this action.  The opposition addresses none of the deficiencies Samsung identified in its motion to dismiss, instead raising arguments that are both incorrect and irrelevant.  Plaintiff seeks in his opposition to add new claim charts not in the complaint—which are procedurally improper and substantively deficient, thus confirming the futility of any further amendment.  Mr. Golden's pending complaint is his second attempt to bring his third lawsuit against Samsung products.  That attempt is doomed, and further attempts will fare no better.  The Court should grant Samsung's motion, deny Mr. Golden further leave to amend the amended complaint, and dismiss this action in its entirety.

## ARGUMENT

### I.   Res Judicata and the *Kessler* Doctrine Bar All Claims in the Amended Complaint

Res judicata and the *Kessler* doctrine bar all claims in the amended complaint.  Samsung explained as much in its motion, *see* Mot. § I, but Mr. Golden's opposition does not rebut or even address Samsung's arguments.  "The 'failure to brief an argument in the district court waives that argument.'" *Redpoint Cnty. Mut. Ins. Co. v. Links Ins. Servs., LLC*, No. 24-13, 2025 WL 470931, at *3 (W.D. Tex. Feb. 12, 2025) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 & n.10 (S.D. Tex. 2003)).  Plaintiff has waived any opposition to these points.  Furthermore, a "party's failure to defend a claim in their response to a motion to dismiss constitutes abandonment." *Escamilla v. ADT, LLC*, No. 23-1037, 2024 WL 2807028, at *3 (W.D. Tex. May 30, 2024) (citing *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017)).  This Court can and will dismiss abandoned claims.  *See*, *e.g.*, *Castillo v. Bank of Am., N.A.*, No. 11-1011, 2012 WL 13149017, at *12 (W.D. Tex. June 13, 2012); *Pedigo v. Austin Rumba, Inc.*, No. 08-803, 2009 WL 10669869, at *2 (W.D. Tex. July 29, 2009).  The Court should do so here.

Instead of contesting Samsung's arguments under res judicata and the *Kessler* doctrine, plaintiff claims that Samsung is precluded from presenting its arguments in this action.  Opp. at 20-31.  But plaintiff's argument rests on legal error.  Plaintiff claims his previous cases before the Court of Federal Claims established infringement by the accused devices (*id.* at 21-23), but those cases were all "unsuccessful," ending in dismissals affirmed by the Court of Appeals, and thus cannot establish infringement of anything, let alone of Samsung's products accused in this action. *Golden v. United States*, No. 25-2128, 2026 WL 672272, at *1 (Fed. Cir. Mar. 10, 2026). Mr. Golden's preclusion claims depend on results he did not obtain, in actions where Samsung was not present.  *E.g.*, Opp. at 21-25.  Crediting these claims would be an error of law.

## II.     The Amended Complaint Fails to State a Claim for Infringement

### A.       The Amended Complaint Does Not Allege a Cause of Action

Mr. Golden claims to assert "causes of action under sections §§ 154(a)(1) & 271(g)," but cannot do so.  Am. Compl. ¶ 1; *see* Mot. § II.A.  "There is no natural or common law right to exclude others from practicing a party's invention," and a party alleging infringement may do so "only because of statutory rights."  *Uniloc USA, Inc. v. Motorola Mobility, LLC*, No. 17-1658, 2020 WL 7771219, at *2 n.1 (D. Del. Dec. 30, 2020) (citing *Crown Die & Tool Co. v. Nye Tool & Mach. Work,* 261 U.S. 24, 40 (1923)), *aff'd*, 52 F.4th 1340 (Fed. Cir. 2022).  As a result, the "right to exclude that accompanies the issuance of a patent pursuant to § 154 is legally distinct from the cause of action created by § 281 of the Patent Act," *Uniloc,* 2020 WL 7771219, at *2 n.1, as divided into "types of infringement" by § 271.  *WesternGeco LLC v. ION Geophysical*

*Corp.*, 585 U.S. 407, 409 (2018). Plaintiff thus cannot rely on § 154(a)(1) by itself, but must assert a claim of infringement under § 271.[1]

Seeking to avoid this result, plaintiff cites *Zoltek Corp. v. United States*, 672 F.3d 1309 (Fed. Cir. 2012) (en banc). Opp. at 11-12. But *Zoltek* cannot help Mr. Golden. *Zoltek* considered allegations against the government, and therefore interpreted 28 U.S.C. § 1498(a), which "waives the Government's sovereign immunity from suit" for infringement claims, and reversed a panel decision that "limited the scope of § 1498(a) to direct infringement under § 271(a)," relying on cases decided when "§ 271(g) had not been enacted and § 154(a)(1) did not include the right to exclude others from using products made by a patented process." 672 F.3d at 1314, 1319-20. *Zoltek* further found that, "[i]nstead of relying on any infringement sections in § 271, § 1498(a) creates its own independent cause of action," and that cause of action is "linked to the scope of the patent holder's rights as granted by the patent grant in title 35 U.S.C. section 154(a)(1)." *Id.* at 1321, 1323. Nothing in *Zoltek* addressed actions outside the context of federal contracting, and nothing in *Zoltek* indicated that § 154(a)(1) provided a cause of action. As Samsung explained above and in its motion to dismiss, it does not. *See supra*; Mot. § II.A.

---

[1] Plaintiff's opposition claims that his "causes of action" also include 35 U.S.C. § 295, 35 U.S.C. § 284, and willful infringement. Plaintiff mentions these concepts in his complaint, but does not assert them as causes of action in his claims for relief. *Compare* Am. Compl. at 11, 15, 19-21, 38-39 *with id.* at 50-280. For good reason: none of these are causes of action. 35 U.S.C. § 295 shifts the burden of persuasion in certain infringement cases, but the cause of action for which the burden shifts is under 35 U.S.C. § 271. *See, e.g.*, *Magema Tech. LLC v. Phillips 66, Phillips 66 Co.*, No. 20-2444, 2023 WL 320180, at *27-28 (S.D. Tex. Jan. 19, 2023). 35 U.S.C. § 284 allows damages for "infringement," which, again, a plaintiff must claim under § 271. *See, e.g.*, *CTD Networks, LLC v. Amazon.com, Inc.*, 688 F. Supp. 3d 436, 441 (W.D. Tex. 2023). "Willful infringement is a question of fact requiring a finding of 'deliberate or intentional infringement,'" and allegations of infringement again fall under § 271. *Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co.*, No. 23-495, 2025 WL 2947701, at *2 (E.D. Tex. Oct. 8, 2025) (quoting *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021)), *R. & R. adopted*, 2025 WL 3006765 (E.D. Tex. Oct. 27, 2025).

Nor can Mr. Golden allege infringement under 35 U.S.C. § 271(g), which addresses "methods of manufacture," because the patents in suit claim neither methods nor anything about manufacture. *Bayer AG v. Housey Pharms., Inc.*, 169 F. Supp. 2d 328, 330 (D. Del. 2001), *aff'd*, 340 F.3d 1367 (Fed. Cir. 2003). After Samsung explained as much in its motion, Mot. at 13-14, plaintiff claimed that Samsung should have argued that "Samsung does not use Plaintiff's patented process" to make its products. Opp. at 13; *see id*. at 12-18. Plaintiff misses the point: Samsung cannot "use Plaintiff's patented process" because there is no patented process at issue here—plaintiff's patents include only system claims and claim only systems for use in production, not manufacturing. Mot. at 13-14. Plaintiff recognizes in his opposition that "[p]rocess (or method) claims recite one or more actions or steps to be performed," but fails to point to any such claim of the asserted patents, and none exist. Opp. at 16; Mot. at 13-14. Plaintiff cannot allege infringement under 35 U.S.C. § 271(g).

**B.      The Amended Complaint Does Not Allege Infringement**

The amended complaint also fails to allege "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Askan v. FARO Techs., Inc.*, No. 24-2258, 2025 WL 1363303, at *2 (Fed. Cir. May 12, 2025) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)). Instead, the amended complaint provides only a disconnected list of claim limitations Mr. Golden claims are relevant to each count, failing to allege that "every limitation of the claim is present," and thus cannot suffice. *Indect USA Corp. v. Park Assist, LLC*, No. 24-1023, 2026 WL 41173, at *3 (Fed. Cir. Jan. 7, 2026); *see* Mot. § II.B. Plaintiff does not respond to these points, which waives any argument he could otherwise have made in response, *see Redpoint Cnty.*, 2025 WL 470931, at *3, and his

– 4 –

"failure to defend a claim in their response to a motion to dismiss constitutes abandonment." *Escamilla*, 2024 WL 2807028, at *3.

Plaintiff does provide three "exhibits," which did not form part of his complaint. These exhibits contain purported claim charts containing legal argument rather than evidence. Opp. Exs. A-C. "When adjudicating a Rule 12(b)(6) motion, a court may consider only the contents of the complaint, documents attached to the complaint, or matters appropriate for judicial notice under Federal Rule of Evidence 201." *El Paso Disposal, LP v. Ecube Labs Co.*, 766 F. Supp. 3d 692, 716 (W.D. Tex. 2025) (citing *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019)). But even if those exhibits were part of the complaint, they would serve only to confirm that Mr. Golden cannot state a claim of infringement, for the same reasons he could not state a claim of infringement in his prior action against Samsung: Mr. Golden's "factual allegations plausibly show, at the most, only that Samsung-made-and-sold smartphones could be modified post-sale by others. There is no plausible allegation that Samsung itself is making, selling (or offering to sell), using, or importing smartphones that have the claimed detector/sensor functionality, either literally or by equivalents. And without such a plausible allegation, Mr. Golden has presented no basis for survival of the complaint." *Golden v. Samsung Elecs. Am., Inc.*, No. 23-2120, 2024 WL 539973, at *3 (Fed. Cir. Feb. 12, 2024).

Mr. Golden's new Exhibits A through C allege infringement under three theories. Exhibits A and B both admit that infringement requires the "Android Team Awareness Kit" or "ATAK" application. Opp. Ex. A at 42-45; Opp. Ex. B at 47-51. Mr. Golden asserted the same theory of infringement in his previous case against Samsung, and lost; for the same reasons, he would lose again here. In his prior action, Mr. Golden claimed infringement by Samsung products through the inclusion of "ATAK," which he admitted was "not developed by Samsung."

*Golden v. Samsung*, 2024 WL 539973, at *3.[2]  The Federal Circuit found that this theory was "deficient for infringement even at the pleading stage" because it admitted that Samsung's devices themselves did not infringe any patent claim.  *Id*. at *2-3.  Mr. Golden's Exhibits A and B advance the same theory, and would fail for the same reason.  In addition, collateral estoppel would preclude Mr. Golden from relitigating this question against Samsung.  *Rougeux*, 2014 WL 12872429, at *3; *see Golden v. Samsung*, 2024 WL 539973, at *2-3.

Exhibit C suffers from the same failing.  It admits that infringement requires "Sit(x)," which it further admits "is a commercial Server-as-a-Service solution based [sic] developed by PAR Government for the U.S. Defense & Intelligence Community," not by Samsung.  Opp. Ex. C at 59.  Thus Exhibit C admits that Samsung's accused devices do not themselves infringe. *Golden v. Samsung*, 2024 WL 539973, at *3.

As a result, even if the Court accepted Mr. Golden's newly disclosed infringement charts as part of the operative complaint, they would serve only to confirm that his current allegations are "that plugins and app-specific software, not developed by Samsung" are "required for the accused detector/sensor functionality," and that this allegation was "deficient for infringement even at the pleading stage." *Golden v. Samsung*, 2024 WL 539973, at *3.

---

[2] Although Mr. Golden does not appear to contest this point, he is collaterally estopped from alleging that Samsung provides ATAK, as the Court of Appeals found to the contrary in the previous litigation.  *Golden v. Samsung*, 2024 WL 539973, at *3.  "Collateral estoppel, or issue preclusion, prevents litigation of an issue when:  '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.'"  *Rougeux v. Int'l Bank of Com.*, No. 13-1015, 2014 WL 12872429, at *3 (W.D. Tex. Apr. 14, 2014) (quoting *Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 548 (5th Cir. 2013)).  All three elements apply here.  The issue is identical to one actually litigated and necessarily decided.  *Golden v. Samsung*, 2024 WL 539973, at *3.

### III.    The Court Should Deny Plaintiff Further Leave to Amend

Should the Court dismiss Mr. Golden's amended complaint, it has "'sound discretion'" to "grant or deny leave to amend." *Artesia Springs, LLC v. DS Waters of Am., Inc.*, No. 14-791, 2015 WL 12712643, at *5 (W.D. Tex. Jan. 13, 2015) (quoting *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012)), *R. & R. adopted*, 2015 WL 12712644 (W.D. Tex. Jan. 31, 2015).  In this action, the Court should exercise its discretion to deny leave to amend here.  *See* Mot. § III.  Plaintiff did not respond to this argument, thus conceding it. *Escamilla*, 2024 WL 2807028, at *3; *Redpoint Cnty.*, 2025 WL 470931, at *3.  Mr. Golden's "failure to respond waived any opposition to Defendant's request for dismissal without leave to amend," and his "complaint should be dismissed without leave to amend." *Fare Techs., LLC v. Uber Techs., Inc.*, No. 22-317, 2023 WL 2258334, at *3 (W.D. Tex. Feb. 27, 2023).

The balance of plaintiff's opposition further supports denial of leave to amend.  Plaintiff's opposition largely ignores Samsung's arguments and provides only irrelevancies in response. *See supra* § II.B.  Where "[p]laintiff's motion responses contain no arguments or facts that could overcome the infirmities" explained in a motion to dismiss, "he has indeed pled his best case." *Ireland v. Simmons*, No. 25-162, 2025 WL 3776816, at *5 (W.D. Tex. Dec. 31, 2025) (citing *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)).  As Mr. Golden has "already had an opportunity to amend their complaint, dismissal with prejudice is appropriate." *Calpito v. Ocwen Loan Servicing, LLC*, No. 13-80, 2014 WL 12480010, at *2 (W.D. Tex. Jan. 27, 2014). Considering Mr. Golden's history of litigation failure and the infirmity of his allegations, other courts have dismissed Mr. Golden's complaints without leave to amend.  *See* Mot. at 16.  This Court should do the same here.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Samsung's motion, Samsung respectfully requests that the Court dismiss this action and deny further leave to amend.

Date: August 10, 2026

Respectfully submitted,

By: */s/ Melissa R. Smith*

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas, 75670
+1 (903) 934-8450
+1 (903) 934-9257 facsimile
Melissa@gillamsmithlaw.com

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that PRO SE is being served via First Class Mail and via email with a copy of this document on August 10, 2026.

*/s/ Melissa R. Smith*

Melissa R. Smith