**FILED**

August 11, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ lad

DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS –
WACO DIVISION**

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

Phone (864) 992-7104

Email: atpg-tech@charter.net

| | |
|---|---|
| LARRY GOLDEN,<br><br>          Plaintiff,<br><br>     V.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>          Defendant. | CASE NO: 6:25-cv-00596-DAE<br><br>**JURY TRIAL DEMANDED**<br><br>**Infringement of a Patented Process under 35 U.S.C. § 154(a)(1) & 35 U.S.C. § 271(g); Shifting of Burden under 35 U.S.C. § 295; Collecting a Reasonable Royalty under 35 U.S.C. § 284; and, Willful Patent Infringement**<br><br>August 11, 2026 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AND MOTION
REQUESTING JUDGEMENT FOR AFFIRMATIVE RELIEF;
AND MOTION FOR LEAVE TO FILE AND MOTION
FOR SUMMARY JUDGEMENT**

Plaintiff notified the Court and Defendant in Plaintiff's response to Defendant's motion to dismiss, that Plaintiff' reserve the right and intend to file for leave, this motion requesting judgement for affirmative relief under FRCP Rule 55, and motion for leave to file for summary judgement under FRCP Rule 56.

Plaintiff notified the Court and the Defendant in Plaintiff's response to Defendant's motion to dismiss that: "the undersigned pro se litigant, will move and hereby does move under the Constitution of the United States, applicable statutes and laws, and the Federal Rules of Civil Procedure, including Rule 55 and Rule 56, for an order granting plaintiff relief for the alleged damages sought in this action for failure to defend; and, defendant's lack of a genuine dispute as to any material fact alleged in this case by the plaintiff. The materials defendant cited or referenced in its motion to dismiss does not establish a genuine dispute to the material facts plaintiff alleged in this case".

Plaintiff realizes a "notice of motion" is simply that; a notice, and Plaintiff will need leave of this court to file an actual motion to request judgement for affirmative relief under FRCP Rule 55, and summary judgement under FRCP Rule 56. Plaintiff believes the motion(s) are necessary for the following reasons:

- Defendant failed to defend Plaintiff's allegations of infringement under 35 U.S.C. § 154(a)(1); "[e]very patent shall … grant to the patentee … the right to exclude others from … importing the invention into the United States, and, if the invention is a process … importing into the United States, products made by that process, referring to the specification for the particulars thereof."

- Defendant failed to defend or show how the Federal Circuit in *Zoltek Corp. v. United States*, No. 2009-5135. Acting *en banc*, erred in their decision on a patented process: "The panel reasoned that, '[i]f a private party [Samsung] had used Zoltek's [Golden's] patented process to ***create*** the resulting product, there would be liability for infringing Zoltek's [Golden's] patent right under 35 U.S.C. § 154(a)(1) and § 271(g).'"

Samsung failed to defend against Plaintiff's allegations that infringement under 35 U.S.C. § 271(g) occurs upon shipment or importation; when Samsung uses

Plaintiff's patented process to "***create***" the Samsung "*modified*" cell phone, and ships or imports the Samsung "*modified*" cell phone into the United States, by not presenting evidence to the following:

- Foxconn is ***not*** the primary manufacturer of the Samsung "*modified*" cell phone abroad;

- Samsung does ***not*** use Plaintiff's patented process to manufacture, produce, and/or assemble the Samsung "*modified*" cell phone abroad;

- Samsung does ***not*** ship or import into the United States, Samsung "*modified*" cell phones that are manufacture, produce, and/or assemble using Plaintiff's patented process;

- Samsung's "*modified*" cell phone of the process has been "materially changed; or

- Samsung's "*modified*" cell phone of the process has become a "trivial and nonessential component of another product.

Samsung made no attempt to satisfy the requirements and burden placed on Samsung under 35 U.S.C. § 295. Plaintiff asserted fifteen (15) counts in the amended complaint that describe the individual processes that forms the Samsung "*modified*" cell phone as a ***whole***. Samsung never addressed, challenged, or denied any of the 15 counts that Plaintiff asserted; that not only describes the individual processes, but also have supporting patent claim limitations to show Plaintiff was in possession of the subject matter [patented process] from the beginning and throughout.

Section 154(a)(1) was modified, and section 271(g) was adopted, by Congress because: "[i]n order to make patent protection of a process meaningful, it is . . . necessary to consider the patented process and ***"the resulting product as a whole"***, with the consequence that process protection is automatically extended to the resulting product even if the said product has not been claimed." S. Rep. No. 100-

3

83, at 31 (1987) (citations omitted and emphasis added).”

Instead of satisfying its burden under 35 U.S.C. § 295, Samsung decides to shift the burden of what defines a “*process*” back on the court: Samsung states in its motion to dismiss, Samsung cannot 'use Plaintiff's patented process' because his patents include only system claims and claim only systems for use in production, not manufacturing. Samsung states: “Plaintiff recognizes in his opposition that “[p]rocess (or method) claims recite one or more actions or steps to be performed,” but fails to point to any such claim of the asserted patents, and none exist. Opp. at 16; Mot. at 13-14. Plaintiff cannot allege infringement under 35 U.S.C. § 271(g)”.

Although the statute or provision specifically states a “patented process”, and not any one or specific *process*; system claims are process claims:

> “System claims or process safeguard the overall system or process that incorporates multiple components, rather than just protecting individual components or sub-components. This allows inventors to assert their rights over the entire system [or process], ensuring that their innovative ideas are fully protected” … “Furthermore, system claims enable inventors to assert their rights over the entire system, rather than having to rely on multiple apparatus claims to cover each individual component. This streamlined approach simplifies the patenting process and makes it easier for inventors to protect their inventions.” https://wysebridge.com/what-is-the-difference-between-a-system-claim-and-an-apparatus-claim

> A method patent provides 20 years of exclusive rights to the patented process, preventing competitors from using the same method without permission. Method patenting is experiencing significant growth across multiple sectors, driven by technological advancement and more straightforward USPTO guidelines. Method patents are a type of utility patent that covers a broad range of technological innovations, including processes, business methods, and software-related inventions. https://arapackelaw.com/patents/ can-you-patent-a-method/

> Process (or method) claims recite one or more actions or steps to be performed. For example: a process (or method) for producing the

Samsung "*modified*" cell phone, comprising steps A, B and C. In contrast, product-by-process claims recite a product that is produced by a certain process (i.e., Samsung's theory of a "manufacturing process"). For example: Samsung's "*modified*" cell phone, produced by a ["manufacturing"] process comprising steps A, B and C. This important difference between process claims and product-by-process claims is illustrated in the recent Patent Trial and Appeal Board ("Board") case of *Ex parte Liu* (Appeal No. 2020-006403) [] On appeal, the examiner seemed to apply a product-by-process interpretation to the claimed discharge rate: "It is not necessary for the reference to make or recognize the same [] relationship as appellant, nor to heat for the same reasons, ***as long as the product made is the same or essentially the same***" (emphasis added).

Product-by-process, that include a "manufacturing process" are process claims. Samsung's strategy of proving the "substantial likelihood [] that the product was made by the patented process" does not exist. Samsung is shifting the burden of proving Samsung is not shipping or importing the cell phones onto the Court. § 295.

Samsung have not presented to this court any evidence that definitively describes Plaintiff's patented process. Therefore, Samsung is in no position to tell the court what type of patented process describes Plaintiff's patented inventions.

Samsung's burden under § 295 is to prove to a jury that "a substantial likelihood [does not] exists that the [Samsung "*modified*" cell phone] was made using Plaintiff's patented process. Samsung have not provided the Court with a detailed description of exactly what process Samsung is using to produce, create, manufacture, develop, or assemble the Samsung "*modified*" cell phone. Without this knowledge, it is impossible for this Court to determine Samsung is not using Plaintiff's patented process.

Samsung failed to defend Plaintiff's allegations that the Samsung "*modified*" cell phone was made using Plaintiff's patented process. Samsung failed to provide this Court with the facts needed to make an inform decision on the allegations.

According to 35 U.S.C. § 295: "In actions alleging infringement of a process patent based on the ***importation***, sale, offer for sale, or use of a product which is made from a process patented in the United States, if the court finds— (1) that a substantial likelihood exists that the product was made by the patented process; and, (2) that the plaintiff has made a reasonable effort to determine the process actually used in the ***production*** of the product and was unable to so determine; the product shall be presumed to have been so made, and the burden of establishing that the product was not made by the process shall be on the party asserting that it was not so made"; this court must acknowledged that because of Samsung's actions, and/or inactions, the Samsung "*modified*" cell phone is made using Plaintiff's patented process and summary judgement in Plaintiff's favor is appropriate.

Samsung failed to challenge, contest, dispute, defend, deny, or offer an affirmative defense to Plaintiff's allegations requiring payment of a reasonable and entire compensation under 35 U.S.C. § 284 because twelve federal judges (nine from the appellate court) were *CORRECT* when they inferred; or come to the conclusion: "infringement of Plaintiff's patents occurs when a mobile, consumer, or cellular device is integrated with, or interconnected to, a CBRNE-H detection capability".

Samsung never argued whether Plaintiff have plead enough fact(s) to raise a reasonable expectation that discovery has revealed the defendant Samsung is responsible for the *"modification"* of a common cell phone to include a CBRNE-H detection capability, and is therefore liable for the misconduct alleged." See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." [35 U.S.C. § 284]

This case is not Samsung first rodeo for creating liability for itself. In Plaintiff's notice of motion and response to defendant's motion to dismiss (***Exh. A***) Plaintiff presents five other instances whereby Plaintiff alleges Samsung has created liability for itself, and a reasonable and entire compensation is appropriate:

| |
|---|
| Samsung's liability as an infringing third-party government contractor is a settled argument previously litigated |
| Samsung's liability, as confirmed by the Court of Appeals for the Federal Circuit is a settled argument previously litigated |
| Samsung's liability under the Little Tucker Act in the District Court is a settled argument previously litigated |
| Samsung's liability as a direct infringer (i.e., literal or under the doctrine of equivalents) are settled arguments previously litigated. |
| Samsung's liability as an infringer of Plaintiff's patent claims for "built-in; embedded" CBRNE-H detectors and sensors are settled arguments previously litigated. |

An in-deep evaluation of the liability issues described above will at least reveal how Samsung has commented fraud upon the Court. In this current case Plaintiff is alleging Samsung is commenting fraud upon the Court.

"Fraud upon the court refers to a serious act that undermines the integrity of the judicial system. It occurs when deceitful actions disrupt the court's ability to perform its duties impartially. In the United States, this type of fraud typically involves an officer of the court, such as a lawyer or judge, who engages in dishonest practices that affect the outcome of legal proceedings. Deceptive practices intended to secure unfair or unlawful gain. Example: A lawyer knowingly presents false evidence during a trial, which leads to a wrongful [judgement]. This act constitutes fraud upon the court as it compromises the integrity of the judicial process." https://legal-resources.uslegalforms.com/f/fraud-upon-the-court

An in-deep evaluation of the liability issues described above will also at least reveal how Samsung has willfully infringed Plaintiff's patents. For patents, the Supreme Court set the current standard in its 2016 decision in *Halo Electronics, Inc.*

*v. Pulse Electronics, Inc*. The Court described enhanced damages as a "punitive" or "vindictive" sanction reserved for "egregious cases of culpable behavior," using words like "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."

Samsung was given the opportunity to settle with Plaintiff for one penny (1%) on the dollar of the estimated $103.902B cash on hand for Samsung Electronics Co Ltd (SSNLF) which is $1.03B. Summary judgement for the $1.03B is appropriate and more than fair for the Defendant.

Should Samsung decide to continue forward to trial and is found liable for the claims alleged, Plaintiff is asking the Court to consider the estimated 10s of billions of dollars of Samsung's liability and willful infringement that triples the liability.

## CONCLUSION

The undersigned pro se litigant, have moved and hereby does move under the Constitution of the United States, applicable statutes and laws, and the Federal Rules of Civil Procedure, including Rule 55 and Rule 56, for an order granting plaintiff relief for the alleged damages sought in this action for failure to defend; and, defendant's lack of a genuine dispute as to any material fact alleged in this case by the plaintiff. The materials defendant cited or referenced in its motion to dismiss does not establish a genuine dispute to the material facts plaintiff alleged in this case:

> "The Federal Rules of Civil Procedure (FRCP) address failure to defend under Rule 55. This rule outlines the process for entering a default judgment when a party fails to plead or otherwise defend against a claim. Specifically, Rule 55(a) states that when a party against whom a judgment for affirmative relief is sought has failed to plead or defend, and this failure is demonstrated by affidavit or otherwise, the clerk must enter the party's default".

8

Federal Rules of Civil Procedure (FRCP). Rule 56(a): "Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion".

This motion is based on Samsung's wiliness to intentionally avoid and escape the allegations Plaintiff has put forth in his amended complaint. This case is about the Samsung "*modified*" cell phone and the alleged infringement of Plaintiff's patented process when the *modified* cell phone is shipped or imported into the U.S.

This case is *NOT* about whether Plaintiff's previous cases under 35 U.S.C. § 271(a) is being relitigating here. As Plaintiff have said many times over, Plaintiff is comfortable with the outcome of the previous cases because they define Samsung's infringement liability and culpable behavior; that is characteristic of a pirate."

Sincerely,

s/ *Larry Golden*

Larry Golden, *Pro Se* Plaintiff

740 Woodruff Rd., #1102

Greenville, SC 29607

(BM) 8649927104

Email: atpg-tech@charter.net

## **VERIFICATION**

### **Pursuant to 28 U.S.C. § 1746**

I, Larry Golden, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct, and complete to the best of my understanding, knowledge, and belief, and made in good faith.

Executed and signed this 11ᵗʰ day of August, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for "Plaintiff's Motion for Leave to File and Motion Requesting Judgement for Affirmative Relief; and Motion for Leave to File and Motion for Summary Judgement".

s/ *Larry Golden*

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-992-7104

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 11th day of August, 2026, a true and correct copy of the foregoing "Plaintiff's Motion for Leave to File and Motion Requesting Judgement for Affirmative Relief; and Motion for Leave to File and Motion for Summary Judgement", was served upon the following Defendant via email and express mail:

Melissa R. Smith

GILLAM & SMITH, LLP

303 South Washington Avenue

Marshall, Texas, 75670

Phone: +1 (903) 934-8450

Fax: +1 (903) 934-9257

Email: Melissa@gillamsmithlaw.com


s/ *Larry Golden*

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-992-7104

11

# Exhibit A

**Copy of Plaintiff's Notice of Filing for Affirmative Relief and Summary Judgement**