**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-CV-00596-DAE |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S**
**<u>OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS


Page

TABLE OF AUTHORITIES . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . 1

A. Mr. Golden's Complaints and Samsung's Motions to Dismiss . . . . . . . . . . 1

B. Mr. Golden's Response and Cross Motion for Summary Judgment . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . 2

I. Plaintiff's Motion Depends on Fundamental Misapplications of Law . . . . . . . . . . 2

A. Plaintiff Cannot Seek a Default Judgment After Samsung Moved to Dismiss . . . . 3

B. Plaintiff Cannot Seek Summary Judgment Based on a Motion to Dismiss . . . . . . 4

II. The Court Should Defer Briefing and Resolution of Any Further Motions By Mr. Golden Until His Claims Have Survived a Motion to Dismiss . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . 8

# TABLE OF AUTHORITIES

*Cases* Page

*Acute Care Ambulance Serv., L.L.C. v. Azar II*,
No. 20-217, 2020 WL 7640206 (S.D. Tex. Dec. 3, 2020) . . . . . 2

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) . . . . . 4

*Austin Legal Video v. Deposition Sols., LLC*,
No. 23-421, 2023 WL 9105547 (W.D. Tex. Nov. 16, 2023) . . . . . 4

*Bass v. Hoagland*,
172 F.2d 205 (5th Cir. 1949) . . . . . 3

*Brock v. Dean Morris, L.L.P.*,
No. 15-2416, 2016 WL 4133572 (W.D. La. Aug. 3, 2016) . . . . . 2-3

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) . . . . . 5

*Crowe v. Henry*,
43 F.3d 198 (5th Cir. 1995) . . . . . 2

*Davis v. Atencio*,
No. 17-505, 2018 WL 4100663 (D. Idaho Aug. 28, 2018) . . . . . 6

*Dietz v. Bouldin*,
579 U.S. 40 (2016) . . . . . 6

*Dunn v. Gen. Motors Acceptance Corp. Mortg., LLC*,
No. 10-749, 2011 WL 13324042 (W.D. Tex. Apr. 1, 2011) . . . . . 4

*Enlow v. Tishomingo Cty.*,
962 F.2d 501 (5th Cir. 1992) . . . . . 6

*Fano v. O'Neill*,
806 F.2d 1262 (5th Cir. 1987) . . . . . 5

*Hicks v. T.L. Cannon Corp.*,
66 F. Supp. 3d 312 (W.D.N.Y. 2014) . . . . . 7

*Hudson v. Cleco Corp.*,
539 F. App'x 615 (5th Cir. 2013) . . . . . 6

*James v. Hunt*,
761 F. App'x 975 (11th Cir. 2018) . . . . . 7

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) . . . . . 7

## TABLE OF AUTHORITIES
*(continued)*


*Cases* Page

*Link v. Wabash R. Co.*,
370 U.S. 626 (1962) . . . . . . . . 6

*Mayer v. Mylod*,
988 F.2d 635 (6th Cir. 1993) . . . . . . . . 2-3

*Marines v. UPS Ground Freight, Inc.*,
No. 07-072, 2010 WL 11507206 (W.D. Tex. Mar. 5, 2010) . . . . . . . . 5

*Mercantile Nat. Bank at Dallas v. Franklin Life Ins. Co.*,
248 F.2d 57 (5th Cir. 1957) . . . . . . . . 5

*Nola Spice Designs, LLC v. Haydel Enter. Inc.*,
783 F.3d 527 (5th Cir. 2015) . . . . . . . . 4

*N. Am. Ent. Grp., Inc. v. Johnson*,
No. 08-1393, 2009 WL 674392 (S.D. Tex. Mar. 12, 2009) . . . . . . . . 3

*Palacios v. City of Crystal City*,
No. 11-53, 2013 WL 12177177 (W.D. Tex. Sept. 30, 2013) . . . . . . . . 6

*Saldana-Fountain v. United States*,
693 F. App'x 295 (5th Cir. 2017) . . . . . . . . 3-4

*Sanders v. Illinois Dep't of Cent. Mgmt. Servs.*,
No. 09-3207, 2011 WL 817554 (C.D. Ill. Mar. 1, 2011) . . . . . . . . 6

*Turk v. Somervell Cnty. Hosp. Dist.*,
No. 15-231, 2018 WL 11471886 (W.D. Tex. Jan. 8, 2018)
*R. & R. adopted*, 2018 WL 2015831 (W.D. Tex. Apr. 30, 2018) . . . . . . . . 6

*Vallecillo v. Wells Fargo Bank, N.A.*,
No. 16-935, 2018 WL 3603120 (W.D. Tex. May 15, 2018) . . . . . . . . 4-5

*Young v. Braum's, Inc.*,
No. 19-161, 2021 WL 1422655 (E.D. Tex. Mar. 25, 2021) . . . . . . . . 4

*Statutes and Rules*

33 Michele M. Hughes, Fed. Proc., L. Ed. § 77:16 (2025) . . . . . . . . 7

1 *Moore's Federal Practice*, Civil § 1.21 (2025) . . . . . . . . 6

**TABLE OF AUTHORITIES**
*(continued)*

*Statutes and Rules* *Page*

Fed. R. Civ. P. 12 . . . . . . . . . . 5

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . 2

Fed. R. Civ. P. 55 . . . . . . . . . . 3-5

Fed. R. Civ. P. 55(a) . . . . . . . . . . 4

Fed. R. Civ. P. 56 . . . . . . . . . . 3-5

Fed. R. Civ. P. 56(c)(1) . . . . . . . . . . 5-6

*Other Authorities*

*Golden v. Apple, Inc.*,
No. 22-4152, Docket No. 15 (N.D. Cal. Sept. 8, 2022) . . . . . . . . . . 7

*Golden v. Google LLC*,
No. 26-831, Docket No. 67 (N.D. Cal. May 7, 2026) . . . . . . . . . . 7

*Golden v. Intel Corp.*,
No. 22-3828, Docket No. 18 (N.D. Cal Sept. 1, 2022) . . . . . . . . . . 7

*Golden v. Intel Corp.*,
No. 22-3828, Docket No. 27 (N.D. Cal. Nov. 8, 2022) . . . . . . . . . . 7

*Golden v. Qualcomm, Inc.*,
No. 22-3283, Docket No. 22 (N.D. Cal Aug. 1, 2022) . . . . . . . . . . 7

*Golden v. Qualcomm, Inc.*,
No. 22-3283, Docket No. 34 (N.D. Cal Aug. 23, 2022) . . . . . . . . . . 7

*Golden v. Samsung Elecs. Am., Inc.*,
No. 23-48, Docket No. 20 (N.D. Cal. Feb. 28, 2023) . . . . . . . . . . 7-8

*Golden v. United States*,
No. 23-811, Docket No. 9 (Fed. Cl. June 20, 2023) . . . . . . . . . . 8

## INTRODUCTION

Plaintiff's motion for default judgment or summary judgment is frivolous. Plaintiff focuses on Samsung's pending motion to dismiss which assumes—for analysis purposes only—the truth of the allegations in the amended complaint, and then shows why those allegations lack merit even if they are correct. According to plaintiff, by moving to dismiss Samsung has thus admitted the truth of the allegations in the amended complaint, and the Court should enter judgment for plaintiff. But the law requires Samsung's motion to dismiss to assume the truth of the allegations in the amended complaint, and bars precisely the argument plaintiff now makes. Plaintiff's motion depends entirely on this false 'gotcha' argument, and provides no evidence to support plaintiff's claim that any material fact is undisputed. The Court should deny the motion.

Unfortunately, this kind of frivolous filing is all too common from Mr. Golden. Over his substantial litigation history, plaintiff has shown a pattern of bringing similarly unsuccessful, early motions for summary judgment. Considering the current motion as well as plaintiff's long-standing pattern, the Court should bar plaintiff from making further filings until he has filed a complaint that properly alleges a good faith, supportable claim of infringement.

## BACKGROUND

### A. Mr. Golden's Complaints and Samsung's Motions to Dismiss

On December 22, 2025, Mr. Golden filed this action. Docket No. 1. On February 20, 2026, Samsung moved to dismiss the complaint and Mr. Golden sought leave to amend; the Court granted this request, and denied Samsung's motion to dismiss without prejudice to refiling. Docket Nos. 10, 15, 17, 18.

On June 25, 2026, Mr. Golden filed his amended complaint. Docket No. 19. This amended complaint asserts eleven patents: U.S. Patent Nos. 7,385,497, 8,106,752, 8,334,761,

8,531,280, 9,096,189, 9,589,439, 10,163,287, 10,984,619, 11,645,898, RE43,891, and RE43,990. *Id.* at 11. For all eleven of these patents, Mr. Golden alleges infringement by alleged Samsung "'*modified*' cell phones." *Id.* at 11-14 (emphasis in original); *see, e.g.*, *id.* at 22-26. On July 30, 2026, Samsung moved to dismiss. Docket No. 21. "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts." *Acute Care Ambulance Serv., L.L.C. v. Azar II*, No. 20-217, 2020 WL 7640206, at *6 (S.D. Tex. Dec. 3, 2020) (quoting *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995)). As required by this black-letter law, Samsung's motion to dismiss assumed—for analysis purposes only—that plaintiff's allegations were correct but explained that, even under this assumption, res judicata and *Kessler* doctrine barred the amended complaint (Docket No. 21 at 7-11); the amended complaint failed to assert a viable cause of action (*id.* at 11-14); and the amended complaint failed to assert infringement of any patent claim. *Id.* at 14-15.

### B. Mr. Golden's Response and Cross Motion for Summary Judgment

On August 3, 2026, Mr. Golden filed "Plaintiff's Notice of Motion and Response to Defendant's Motion to Dismiss." Docket No. 22 at 1. This document both opposed Samsung's motion and brought plaintiff's own motion, seeking "an order granting plaintiff relief for the alleged damages sought in this action for failure to defend," and "judgment as a matter of law." *Id.* at 2, 8. Samsung separately replied in support of its motion to dismiss, Docket No. 23, and now opposes plaintiff's motion.

## <u>ARGUMENT</u>

### I. Plaintiff's Motion Depends on Fundamental Misapplications of Law

Plaintiff's motion depends on fundamental misapplications of law governing motions to dismiss. "The function of a Rule 12(b)(6) motion to dismiss for the failure to state a claim is to

'allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.'" *Brock v. Dean Morris, L.L.P.*, No. 15-2416, 2016 WL 4133572, at *2 (W.D. La. Aug. 3, 2016) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Samsung's motion to dismiss did exactly that. *See generally* Docket No. 21. But plaintiff claims that following this black-letter law means that "Samsung failed to defend against Plaintiff's allegations," and "[t]herefore, Samsung has demonstrated to this court that Samsung has no genuine dispute as to any material fact and Plaintiff should be entitled to judgment as a matter of law." *Id.* at 5, 8, 12. Plaintiff further seeks an "order granting plaintiff relief for the alleged damages sought in this action for failure to defend; and, defendant's lack of a genuine dispute as to any material fact alleged in this case by the plaintiff." Mot. at 2. Plaintiff cites two rules to support his motion, Fed. R. Civ. P. 55 and Fed. R. Civ. P. 56. *E.g.*, Mot. at 2, 5, 8, 12, 20, 32. Both these Rules and the cases implementing them confirm plaintiff's motion has no merit.

### A. Plaintiff Cannot Seek a Default Judgment After Samsung Moved to Dismiss

Plaintiff cites Fed. R. Civ. P. 55, claiming that it "states that when a party against whom a judgment for affirmative relief is sought has failed to plead or defend, and this failure is demonstrated by affidavit or otherwise, the clerk must enter the party's default." Mot. at 2. But plaintiff fundamentally misapplies Rule 55. "The Fifth Circuit has interpreted this rule to require complete failure to plead in order to permit default judgment." *N. Am. Ent. Grp., Inc. v. Johnson,* No. 08-1393, 2009 WL 674392, at *1 (S.D. Tex. Mar. 12, 2009) (citing *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949)). Rule 55 has no bearing here, where Samsung filed a timely motion to dismiss. *See Saldana-Fountain v. United States*, 693 F. App'x 295, 297 (5th Cir. 2017). *Saldana-Fountain* addressed precisely the argument plaintiff now makes, and confirmed its incorrectness. In *Saldana-Fountain*, plaintiff filed a complaint, and defendants "fil[ed]

motions to dismiss." 693 F. App'x at 297. Plaintiff moved for a default judgment under Rule 55, lost, and "appeal[ed] the district court's refusal to enter default judgments" to the Fifth Circuit. *Id.* The Court of Appeals affirmed, noting that defendants "defended against her complaint by filing motions to dismiss; consequently, the district court did not err when it found that entering default judgment was inappropriate." *Id.* (citing Fed. R. Civ. P. 55(a)). This ruling is no surprise; because a "Motion to Dismiss is a responsive pleading," a motion for default judgment filed after a motion to dismiss is "utterly frivolous." *Dunn v. Gen. Motors Acceptance Corp. Mortg., LLC*, No. 10-749, 2011 WL 13324042, at *1 n.1 (W.D. Tex. Apr. 1, 2011). Plaintiff's motion is just such an "utterly frivolous" motion, seeking default despite Samsung's motion to dismiss. *Id.*

**B. Plaintiff Cannot Seek Summary Judgment Based on a Motion to Dismiss**

Plaintiff also cites Fed. R. Civ. P. 56, claiming that "Samsung has demonstrated to this court that Samsung has no genuine dispute as to any material fact and Plaintiff should be entitled to judgment as a matter of law." Mot. at 8; *see id.* at 12, 32. Just as with Rule 55, however, plaintiff fundamentally misapplies Rule 56, which tests "whether a jury could reasonably find *either* that the plaintiff proved his case by the quality and quantity of evidence required by the governing law *or* that he did not." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986) (emphasis in original). Under this standard, plaintiff "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Austin Legal Video v. Deposition Sols., LLC*, No. 23-421, 2023 WL 9105547, at *2 (W.D. Tex. Nov. 16, 2023) (alteration in original) (quoting *Nola Spice Designs, LLC v. Haydel Enter. Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). Plaintiff must then "submit evidence that negates the existence of some material element of the non-moving party's claim or defense." *Young v. Braum's, Inc.*, No. 19-161, 2021

WL 1422655, at *4 (E.D. Tex. Mar. 25, 2021) (citing *Vallecillo v. Wells Fargo Bank, N.A.*, No. 16-935, 2018 WL 3603120, at *2 (W.D. Tex. May 15, 2018)). "Evidence submitted in support of a motion for summary judgment must be competent and have probative value." *Marines v. UPS Ground Freight, Inc.*, No. 07-072, 2010 WL 11507206, at *3 (W.D. Tex. Mar. 5, 2010) (citing *Mercantile Nat. Bank at Dallas v. Franklin Life Ins. Co.*, 248 F.2d 57, 59 (5th Cir. 1957)).

Plaintiff has not tried to meet this burden, and fails to do so. As under Rule 55, plaintiff bases his motion under Rule 56 on his unsupported assertion that, by moving to dismiss his amended complaint, "Samsung has demonstrated to this court that Samsung has no genuine dispute as to any material fact and Plaintiff should be entitled to judgment as a matter of law." Mot. at 8; *see id.* at 12, 32. This cannot suffice. Mr. Golden submits no evidence that is "competent and ha[s] probative value," *Marines*, 2010 WL 11507206, at *3; his motion depends on the claim that, by moving to dismiss under Rule 12, "Samsung failed to defend against Plaintiff's allegations" under Rule 56. Mot. at 19; *see, e.g.*, *id.* at 5, 9-20. This argument misunderstands both Rule 12 (which requires, for analysis purposes only, that motions to dismiss assume the truth of allegations in the complaint) and Rule 56 (which requires a moving party to submit evidence showing the truth of its allegations). *Supra* at 1-4.

Mr. Golden also argues that issue preclusion supports his motion. Mot. at 20-23, 27-29. This argument is incorrect for the reasons Samsung explained in its reply supporting dismissal, *see* Docket No. 23 at 2, and is in any event irrelevant on summary judgment, because it contains no evidence that is "competent and ha[s] probative value," *Marines*, 2010 WL 11507206, at *3. "[I]t is not enough to move for summary judgment without supporting the motion in any way," which is what plaintiff does here. *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986) (White, J., concurring)); *see* Fed. R. Civ. P.

56(c)(1). Plaintiff, "who has the burden of producing evidence that shows there is no genuine issue of material fact, simply does not offer uncontroverted evidence to dispose of" Samsung's defenses and arguments. *Turk v. Somervell Cnty. Hosp. Dist.*, No. 15-231, 2018 WL 11471886, at *8 (W.D. Tex. Jan. 8, 2018), *R. & R. adopted*, 2018 WL 2015831 (W.D. Tex. Apr. 30, 2018). The Court should therefore deny the motion for summary judgment.

## II. The Court Should Defer Briefing and Resolution of Any Further Motions By Mr. Golden Until His Claims Have Survived a Motion to Dismiss

In light of plaintiff's frivolous pending motion, the Court should defer briefing and resolution of further motions by Mr. Golden until his claims have survived a motion to dismiss. The Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). This kind of "determination, particularly regarding questions of the timing and sequence of motions in the district court, best lies at the district court's discretion." *Enlow v. Tishomingo Cty.*, 962 F.2d 501, 507 (5th Cir. 1992); *see Hudson v. Cleco Corp.,* 539 F. App'x 615, 617-18 (5th Cir. 2013); *Palacios v. City of Crystal City*, No. 11-53, 2013 WL 12177177, at *18 (W.D. Tex. Sept. 30, 2013); 1 *Moore's Federal Practice*, Civil § 1.21 (2025).

District courts routinely use this authority to structure what motions parties may file and when they may file them. *See, e.g.*, *Sanders v. Illinois Dep't of Cent. Mgmt. Servs.*, No. 09-3207, 2011 WL 817554, at *2 (C.D. Ill. Mar. 1, 2011) (barring summary judgment motions until the close of discovery); *Davis v. Atencio*, No. 17-505, 2018 WL 4100663, at *3 (D. Idaho Aug. 28, 2018) (denying motion for summary judgment, allowing plaintiff to refile after discovery closes);

*Hicks v. T.L. Cannon Corp.*, 66 F. Supp. 3d 312, 314 (W.D.N.Y. 2014) (barring dispositive motions until close of fact discovery); *see also* 33 Michele M. Hughes, *Fed. Proc., L. Ed.* § 77:16 (2025). In *James v. Hunt,* the Eleventh Circuit held that a district court "did not abuse its discretion by staying the proceedings, filings, and discovery until ruling on the Defendants' pending motions for judgment on the pleadings and motions to dismiss," finding that

> The court's decision to stay the proceedings and filings furthered the goals of controlling the case and saving the time and effort of the court, counsel, and the parties, as the Plaintiffs had filed a substantial amount of motions and other rulings, many of which were frivolous, within three months of the commencement of the lawsuit.

761 F. App'x 975, 981 (11th Cir. 2018) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Indeed, in Mr. Golden's pending action against Google, the Northern District of California used this authority to "stay[] the case in all respects other than the filing of a second amended complaint" by Mr. Golden and "a response by defendant Google." *Golden v. Google LLC*, No. 26-831, Docket No. 67 at 1:13-14 (N.D. Cal. May 7, 2026).

This Court should do the same. Over the course of his litigation campaign, Mr. Golden has often filed similar motions, always unsuccessfully. *Golden v. Qualcomm, Inc.*, No. 22-3283, Docket No. 22 (N.D. Cal Aug. 1, 2022) (motion for summary judgment filed before resolution of motion to dismiss); *id.*, Docket No. 34 (N.D. Cal Aug. 23, 2022) (motion for permanent injunction filed before resolution of motion to dismiss); *Golden v. Intel Corp.*, No. 22-3828, Docket No. 18 (N.D. Cal Sept. 1, 2022) (motion for summary judgment filed before resolution of motion to dismiss); *Golden v. Apple, Inc.*, No. 22-4152, Docket No. 15 (N.D. Cal. Sept. 8, 2022) (motion for summary judgment filed before resolution of motion to dismiss); *Golden v. Intel Corp.*, No. 22-3828, Docket No. 27 (N.D. Cal. Nov. 8, 2022) (motion for permanent injunction filed before resolution of motion to dismiss); *Golden v. Samsung Elecs. Am., Inc.,* No. 23-48,

Docket No. 20 (N.D. Cal. Feb. 28, 2023) (motion for summary judgment filed before resolution of motion to dismiss); *Golden v. United States*, No. 23-811, Docket No. 9 (Fed. Cl. June 20, 2023) (motion for summary judgment filed before resolution of motion to dismiss). In each of these cases, the Court not only denied Mr. Golden's early motions for summary judgment or permanent injunction or both, but also dismissed Mr. Golden's complaint and was affirmed by the Court of Appeals. This Court should avoid further waste of judicial resources by ordering that Mr. Golden may bring further motions once his complaint has survived a motion to dismiss.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court deny plaintiff's cross-motion for summary judgment, and order deferment of briefing and resolution of any further motions by Mr. Golden until his claims have survived a motion to dismiss.

Date: August 17, 2026

Respectfully submitted,

By: *_/s/ Melissa R. Smith_*

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas, 75670
+1 (903) 934-8450
+1 (903) 934-9257 facsimile
Melissa@gillamsmithlaw.com

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that PRO SE is being served via First Class Mail and via email with a copy of this document on August 17, 2026.

*_/s/ Melissa R. Smith_*
Melissa R. Smith