**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS –**
**WACO DIVISION**

**FILED**
August 20, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: cap
DEPUTY

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
Phone (864) 992-7104
Email: atpg-tech@charter.net

LARRY GOLDEN,

Plaintiff,

V.

SAMSUNG ELECTRONICS AMERICA, INC.

Defendant.

CASE NO: 6:25-cv-00596-DAE

**JURY TRIAL DEMANDED**

**Infringement of a Patented Process under 35 U.S.C. § 154(a)(1) & 35 U.S.C. § 271(g); Shifting of Burden under 35 U.S.C. § 295; Collecting a Reasonable Royalty under 35 U.S.C. § 284; and, Willful Patent Infringement**

August 20, 2026

# PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AND MOTION REQUESTING JUDGEMENT FOR AFFIRMATIVE RELIEF; AND MOTION FOR LEAVE TO FILE AND MOTION FOR SUMMARY JUDGEMENT

Not only is this case ripe for summary judgement in Plaintiff's favor for failure to defend, the Court should consider a favorable ruling for the Plaintiff because the Defendant's attorneys have "deliberately submitted false evidence that undermines the integrity of the judicial process and erodes public trust in the legal system."

The Defendant chose to build its defense on; defying legal precedence and legislative intent; violating the doctrine of *vertical stare decisis* established by the

Federal Circuit and the Supreme Court; challenging Congress intent; and misleading testimony about the Plaintiff's character. Providing false evidence is a serious offense that triggers disciplinary measures for misleading the court. It damages the legal process and warrants strict consequences to preserve the integrity and credibility of the judiciary.

**Defying Legal Precedence and Legislative Intent**

On March 14, 2012, the Federal Circuit issued in *Zoltek Corp. v. United States*, No. 2009-5135. Acting *en banc*: "The panel reasoned that, '[i]f a private party [Samsung] had used [Golden's] patented process to create the resulting [modified cell phones] product, ***there would be liability for infringing*** [Golden's] patent right under 35 U.S.C. § 154(a)(1) and § 271(g). We hold [] that precedent and legislative intent dictate that result.'" Following are a list of patent rights granted to Plaintiff [Golden] under 35 U.S.C. § 154(a)(1). "Every patent shall contain a right to exclude others, throughout the United States, from …

- making—plaintiff has the right to exclude Samsung from 'making' the modified cell phone;
- using—plaintiff has the right to exclude Samsung from 'using' the modified cell phone;
- offering for sale—plaintiff has the right to exclude Samsung from 'offering for sell' the modified cell phone;
- selling the invention—plaintiff has the right to exclude Samsung from 'selling' the modified cell phone; or
- importing the invention—plaintiff has the right to exclude Samsung from 'importing' the modified cell phone into the United States,

and, because the Samsung "*modified*" cell phone is allegedly made by Plaintiff's patented process; the right to exclude [] importing into the United States, the

Samsung "*modified*" cell phones made using Plaintiff's patented process; "referring to the specification for the particulars thereof."

Under 35 U.S.C. § 154(a)(1), Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Federal Circuit inferred to say in *Zoltek Corp. v. United States*, No. 2009-5135: [i]f Samsung uses Golden's patented process to create the resulting Samsung "*modified*" cell phones, ***there would be liability for infringing*** Golden's patent right under 35 U.S.C. § 154(a)(1) upon import of the Samsung "*modified*" cell phones into the United States.

Therefore, not only does Plaintiff have a cause of action of infringement under 35 U.S.C. § 154(a)(1), Plaintiff also have a cause of action to exclude Samsung's importation of the "*modified*" cell phone(s) into the United States.

In Defendant's Motion to Dismiss; *Golden v. Samsung* WDT Case 6:25-cv-00596-DAE Document 21 Filed 07/30/26; Defendant admits themselves; they are *NOT* defending Plaintiff's allegations that, "infringement of Plaintiff's patented process occurs upon importation of the Samsung "*modified*" cell phone(s) into the United States. Defendant states: "Each of the complaint's counts alleges a cause of action under 35 U.S.C. §§ 154(a)(1) and 271(g). [] Neither can suffice. The Court can quickly dismiss Mr. Golden's claimed cause of action under § 154(a)(1), which does not provide a cause of action … So, Mr. Golden cannot state a claim under § 154(a)(1)." What is a cause of action?

> "A cause of action is a set of predefined factual elements that allow for a legal remedy. The factual elements needed for a specific cause of action can come from a constitution, statute, judicial precedent, or administrastrative regulation." https://www.law.cornell.edu/wex/cause_of_action
>
> "[A] Cause of Action refers to a bundle of facts or circumstances that entitles a person to seek a legal remedy in a court of law. It includes not just the legal right that has been infringed, but also the occurrence of a wrongful

act or omission that leads to this infringement." https://advocategandhi.com/cause-of-action-the-legal-engine-behind-every-lawsuit/

Defendant's position on § 154(a)(1) as 'not providing a cause of action' is not an error of judgement or mistaken interpretation. Plaintiff believes Samsung's legal representation; misleading conduct involves providing false evidence, submitting fabricated documents, and making false statements. These actions are considered serious violations because they distort the facts and obstruct justice. Courts rely on truthful representations to maintain trust and order in legal proceedings.

"Fraud upon the court refers to a serious act that undermines the integrity of the judicial system. It occurs when deceitful actions disrupt the court's ability to perform its duties impartially. In the United States, this type of fraud typically involves an officer of the court, such as a lawyer or judge, who engages in dishonest practices that affect the outcome of legal proceedings. Deceptive practices intended to secure unfair or unlawful gain. Example: Samsung's lawyer knowingly presents false evidence, which leads [or can lead], to a wrongful [judgement]. This act constitutes fraud upon the court as it compromises the integrity of the judicial process." https://legal-resources.uslegalforms.com/f/fraud-upon-the-court

Samsung failed to defend Plaintiff's allegations of infringement under 35 U.S.C. § 154(a)(1) and summary judgement in Plaintiff's favor is appropriate because the Defendant's failure to respond is seen as an admission of guilt—default judgement is appropriate.

### Violating the Doctrine of *Vertical Stare Decisis*

*Vertical stare decisis* mandates that lower courts follow the precedents set by higher courts. Violating this doctrine can lead to inconsistent legal rulings within the same jurisdiction.

Vertical precedents are decisions in "the path of appellate review," meaning Supreme Court decisions control all lower federal courts and circuit court decisions control federal district courts in their circuits.

Instead of defending or responding to Plaintiff's allegations that infringement under 35 U.S.C. § 271(g) occurs when Samsung uses Plaintiff's patented process to "***create***" the Samsung "*modified*" cell phone, and ships or imports the Samsung "*modified*" cell phone into the United States; the Defendant decided to rewrite and violate precedents set by the higher Court of Appeals for the Federal Circuit. In Defendant's Motion to Dismiss; *Golden v. Samsung* WDT Case 6:25-cv-00596-DAE Document 21 Filed 07/30/26; Defendant writes:

> "That leaves 35 U.S.C. § 271(g), which can provide a cause of action, but not one plaintiff does or can allege here, because "the Federal Circuit has not expanded the application of Section 271(g) beyond methods of manufacture," and the asserted patents do not claim methods or anything about manufacture. *Bayer AG v. Housey Pharms., Inc.*, 169 F. Supp. 2d 328, 330 (D. Del. 2001), aff'd, 340 F.3d 1367 (Fed. Cir. 2003). The patents include only system claims, and cannot support allegations of infringement by "methods of manufacture" under § 271(g). *Bayer*, 169 F. Supp. 2d at 330; [] Separately, "Section 271(g) addresses only products derived from patented manufacturing processes, i.e., methods of actually making or creating a product." *Bayer*, 169 F. Supp. 2d at 330 (emphasis in original); see, e.g., *Syngenta Crop Prot., LLC v. Willowood, LLC*, 944 F.3d 1344, 1362 (Fed. Cir. 2019). To allow infringement under § 271(g), a patent claim must address how to "manufacture" the allegedly infringing product."

First, it is not the responsibility of the Federal Circuit to expand the application of Section 271(g). In an effort to account for the growing global marketplace, Congress has revised and ***expanded*** the definition of "infringing activities" to include extraterritorial activities. In particular, § 271(g) provides the authority to

enforce a U.S. process patent by prohibiting the importation of products made outside the U.S. that would otherwise violate the patent.

Second, in *Bayer AG v. Housey Pharmaceuticals, Inc*., the defining case for § 271(g) jurisprudence, the Federal Circuit held that to have a claim under § 271(g), an imported product must be physical and tangible. [340 F.3d 1367 (Fed. Cir. 2003).] The Federal Circuit [] agreed with the district court that "in order for a product to have been "made by a process patented in the United States", it must have been a physical article that was "manufactured". [In U.S. patent law, a method, also called "process", is one of the four principal categories of things that may be patented, through "utility patents". The other three are a machine, an article of manufacture, and a composition of matter. The terms "method" and "process" are used interchangeably.]

At paragraph '23' of Plaintiff's Amended Complaint for Patent Infringement Under 35.U.S.C. §§ 154(a)(1) and 271(g), is *"Plaintiff's Claim Limitations that Cover the Samsung "modified" Cell Phone"*. This section includes 59 patent claim limitations for Plaintiff's physical article (i.e., modified cell phone), that Samsung manufactured using Plaintiff's process patented in the United States. Five (5) of the fifty-nine (59) limitations are duplicated below that represents how Plaintiff's patent claims call for an "article of manufacture"; that confirms Samsung's liability:

- A cell phone comprising: [claim 23 of the '439 patent]
- wherein each cell phone [] includes a recharging cradle or seat, a front side, a top, a bottom, and a pair of opposed sides [claim 10 of the '752 patent]
- wherein the cell phone [] monitor includes standard keypad functions and more specialized system use (ring tone, email, photos, texting) functions as well as viewing screens [claim 12 of the '752 patent]

- a communication device that is a cell phone, a smart phone, or a PDA that causes the signal to be sent from the cell phone tower to the vehicle [claim 58 of the '891 patent]
- wherein each cell phone [] includes an internet connection, a GPS connection, a radio frequency (RF) connection, a recharging cradle or seat, a front side, a top, a bottom, a pair of opposed sides and a central processing unit (cpu). [claim 104 of the '990 patent]

In summary, the Federal Circuit in *Bayer* required that an imported product made by a process patented in the U.S. must be physical and tangible to be eligible for an infringement claim under § 271(g).

Third, in *Syngenta Crop Protection LLC v. Willowood LLC, et al.*, the US Court of Appeals for the Federal Circuit held in a case of first impression that infringement liability under 35 U.S.C. § 271(g) does not require a single entity to perform all steps of the patented process. *See* No. 2018-1614 (Fed. Cir. Dec. 18, 2019) (*"Syngenta"*). The Federal Circuit's decision strengthens process claims' usefulness against accused infringers (i.e. Samsung) who manufacture a patented product [such as the Samsung "*modified*" cell phone] abroad and import it into the US. Sections 154(a)(1) & 271(g) identifies acts of infringement use of a patented process.

On December 18, 2019, in *Syngenta Crop Protection, LLC v. Willowood, LLC*, the US Court of Appeals for the Federal Circuit held that, in view of the statutory language, legislative history, and Congressional intent, 35 U.S.C. § 271(g) infringement liability does not require a single entity to perform, control, or direct all steps of the patented process ((Fed. Cir. Dec. 18, 2019)).

Fourth, the US Supreme Court's decision in *Limelight Networks, Inc. v. Akamai Techs., Inc.*, holding that induced infringement liability under 35 U.S.C. § 271(b) requires direct infringement, does not control because Section

271(g) liability does not depend on direct infringement of the patented process (572 U.S. 915, 921-22 (2014)).

The legislative history focuses on product importation as the basis for infringement liability and notes that Section 271(g) does not attempt to prevent the use of a process in another country. This demonstrates that Congress did not enact Section 271(g) to provide the same rights as Section 271(a) concerning process patents.

Fifth, Samsung is quoted as saying, "the asserted patents do not claim methods or anything about manufacture … [t]he patents include only system claims.

The *Bayer* decision was revisited two years later when the Federal Circuit reached a similar decision in *NTP, Inc. v. Research in Motion, Ltd*. [418 F.3d 1282 (Fed. Cir. 2005).] The *NTP* court tried to respond to the physical and tangible requirement of *Bayer* by addressing the scope of § 271(a). ["Whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a).]

The court held that "[t]he use of claimed system under § 271(a) is the place at which the system as a whole is put into service, i.e., the place where control of the system is exercised and beneficial use of the system obtained." *NTP*, 418 F.3d at 1317. Therefore, a system patent can be infringed under § 271(a) even if a component of the system is located overseas, as long as the beneficial use of the system is obtained and control of the system is exercised in the U.S.

Samsung opened the door for Plaintiff to claim damages for Samsung's alleged infringement under 35 U.S.C. § 271(a). Twelve federal judges (nine from the appellate court) were *CORRECT* when they inferred; or came to the conclusion: "infringement of Plaintiff's patents occurs when a mobile, consumer, or cellular device is integrated with, or interconnected to, a CBRNE-H detection capability".

The twelve federal judges were also *CORRECT* in their determination: "the accused devices [] required *"modification"* in order to infringe Plaintiff's patents". Plaintiff describes how the Samsung "*modified*" cell phone includes nine (9) standard biosensors for detection that are native to the manufacture of the Samsung "*modified*" cell phone abroad; before shipment or importation to the United States.

The United States Court of Appeals for the Federal Circuit Judges in *Golden v. Samsung* Case No. 23-2120; agreed with the Northern District of California Court Judge in *Golden v. Samsung* Case No. 23-0048 that direct infringement arises "***through nine "standard sensors" which "can be used as 'biosensors,'***" Appx126.":

> In *Golden v. Samsung Electronics America, Inc*. Case: 23-2120, Document 28; *OPINION* filed for the court by Prost, Circuit Judge; Taranto, Circuit Judge and Chen, Circuit Judge. Filed: 02/12/2024. "Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: [] and (3) ***through nine "standard sensors" which "can be used as 'biosensors,'***" Appx126."

Samsung admits in the Northern District of California Court in *Golden v. Samsung* Case No. 23-0048; and Google admits in the Northern District of California Court in *Golden v Google* Case No. 22-5246 that Mr. Golden's complaints alleged "***nine standard sensors which can be used as biosensors***".

Samsung also admits the "***nine standard sensors which can be used as biosensors***", is found within each of Samsung's accused instrumentalities. Samsung further admit, it manufactures Plaintiff's patented process abroad; offer for sell and sell, the purportedly imported Samsung "*modified*" cell phones (i.e., smartphones) that include the "***nine standard sensors which can be used as biosensors***" and performs the accused detector/sensor functionality.

**Samsung Failed to Respond or Defend against Plaintiff's Allegations**

Samsung's deviation away from the core means of proving Samsung is not liable for the claims alleged, has only created additional liability for Samsung. Samsung needed to prove the following to escape liability:

- Foxconn is ***not*** the primary manufacturer of the Samsung "*modified*" cell phone abroad;
- Samsung does ***not*** use Plaintiff's patented process to manufacture, produce, and/or assemble the Samsung "*modified*" cell phone abroad;
- Samsung does ***not*** ship or import into the United States, Samsung "*modified*" cell phones that are manufacture, produce, and/or assemble using Plaintiff's patented process;
- Samsung's "*modified*" cell phone of the process has been "materially changed;
- Samsung's "*modified*" cell phone of the process has become a "trivial and nonessential component of another product.

Samsung failed to defend or respond to Plaintiff's allegations of infringement under 35 U.S.C. § 271(g) and made no attempt to satisfy the requirements and burden placed on Samsung under 35 U.S.C. § 295. Samsung have expressed it has no genuine dispute as to any material fact and summary judgement is appropriate.

Sincerely,

s/ Larry Golden

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(BM) 8649927104
Email: atpg-tech@charter.net

# VERIFICATION

## Pursuant to 28 U.S.C. § 1746

I, Larry Golden, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby declare, certify, verify, affirm, and state under penalty of perjury under the laws of the United States of America, that the foregoing statements are true, correct, and complete to the best of my understanding, knowledge, and belief, and made in good faith.

Executed and signed this 20th day of August, 2026, with all rights reserved and without recourse and without prejudice; is this "verification" for "Plaintiff's Reply in Support of Plaintiff's Motion for Leave to File and Motion Requesting Judgement for Affirmative Relief; and Motion for Leave to File and Motion for Summary Judgement".

s/ Larry Golden

Larry Golden, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

atpg-tech@charter.net

864-992-7104

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of August, 2026, a true and correct copy of the foregoing "Plaintiff's Reply in Support of Plaintiff's Motion for Leave to File and Motion Requesting Judgement for Affirmative Relief; and Motion for Leave to File and Motion for Summary Judgement", was served upon the following Defendant via email and express mail:

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas, 75670
Phone: +1 (903) 934-8450
Fax: +1 (903) 934-9257
Email: Melissa@gillamsmithlaw.com

s/ Larry Golden
Larry Golden, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net
864-992-7104