**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| LARRY GOLDEN, | § | |
| | § | |
| Plaintiff, | § | Case No. 6:25-CV-00596-DAE |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . ii

INTRODUCTION . . . . . 1

BACKGROUND . . . . . 1

A. Plaintiff's Amended Complaint and Samsung's Motion to Dismiss . . . . . 1

B. Plaintiff's Response and Motion for Summary Judgment . . . . . 1

C. Plaintiff's Motion for Leave to File His Previously Filed Motion . . . . . 2

ARGUMENT . . . . . 2

I. Plaintiff's Motion for Leave is Superfluous . . . . . 2

II. Plaintiff's Underlying Motion Remains Frivolous . . . . . 3

III. The Court Should Defer Briefing and Resolution of Any Further Motions By Mr. Golden Until His Claims Have Survived a Motion to Dismiss . . . . . 3

CONCLUSION . . . . . 4

# TABLE OF AUTHORITIES

*Cases* *Page*

*Buoscio v. Jackson Nat. Life Ins. Co.*,
No. 09-1133, 2010 WL 2034546 (S.D. Ohio Apr. 21, 2010),
*R. & R. adopted*, 2010 WL 2034545 (May 21, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gevas v. Ryker*,
No. 10-493, 2011 WL 13585696 (S.D. Ill. Aug. 5, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Moore v. Fed. Nat'l Mortg. Ass'n*,
No. 25-326, 2025 WL 3855001 (W.D. Tex. Dec. 1, 2025),
*R. & R. adopted*, 2026 WL 31137 (W.D. Tex. Jan. 3, 2026) . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Redd v. Fisher Controls*,
147 F.R.D. 128 (W.D. Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Williams v. Mississippi*,
No. 23-86, 2023 WL 3558157 (D. Minn. May 18, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## INTRODUCTION

Plaintiff's motion for leave to file a motion is doubly frivolous: plaintiff has already filed the motion he now seeks leave to file, and that motion was itself already frivolous. The Court should deny plaintiff's motion, and bar plaintiff from making further filings until he has filed a complaint that properly alleges a good faith, supportable claim of infringement.

## BACKGROUND

### A. Plaintiff's Amended Complaint and Samsung's Motion to Dismiss

On June 25, 2026, Mr. Golden filed his amended complaint. Docket No. 19. This amended complaint asserts eleven patents: U.S. Patent Nos. 7,385,497, 8,106,752, 8,334,761, 8,531,280, 9,096,189, 9,589,439, 10,163,287, 10,984,619, 11,645,898, RE43,891, and RE43,990. *Id.* at 11. For all eleven of these patents, Mr. Golden alleges infringement by alleged Samsung "'*modified*' cell phones." *Id.* at 11-14 (emphasis in original); *see, e.g.*, *id.* at 22-26. On July 30, 2026, Samsung moved to dismiss. Docket No. 21. As required by black-letter law, Samsung's motion to dismiss assumed—for analysis purposes only—that plaintiff's allegations were correct but explained that, even under this assumption, res judicata and *Kessler* doctrine barred the amended complaint (*id.* at 7-11); the amended complaint failed to assert a viable cause of action (*id.* at 11-14); and the amended complaint failed to assert infringement of any patent claim. *Id.* at 14-15.

### B. Plaintiff's Response and Motion for Summary Judgment

On August 3, 2026, Mr. Golden filed "Plaintiff's Notice of Motion and Response to Defendant's Motion to Dismiss." Docket No. 22 at 1. This document both opposed Samsung's motion and brought plaintiff's own motion, seeking "an order granting plaintiff relief for the alleged damages sought in this action for failure to defend," and "judgment as a matter of law."

*Id.* at 2, 8. The Court docketed this document as both a response to Samsung's motion and as plaintiff's own motion. Docket No. 22. On August 10, Samsung replied in support of its motion to dismiss. Docket No. 23. On August 17, Samsung opposed plaintiff's motion seeking "judgment as a matter of law." Docket No. 25.

### C. Plaintiff's Motion for Leave to File His Previously Filed Motion

Samsung's reply in support of its motion and its opposition to plaintiff's motion should have concluded its filings regarding these motions, and allowed the Court to consider the pleadings. Unfortunately, on August 11, plaintiff filed yet another motion, this time seeking "leave to file" the same motion that he had already filed and that Samsung had already opposed, which he attached as Appendix A. Docket No. 24 at 1, 2, 7, 12; *see* Docket Nos. 24, 24-1. This new filing triggered a new deadline for Samsung to oppose a new motion, although the new motion sought only to file an already filed motion. *See, e.g.*, Docket No. 24 at 1, 2, 7, 12; Docket No. 24-1; Loc. Civ. R. CV-7(d)(2). In response to this new deadline, Samsung prepared this opposition. While Samsung was doing so, plaintiff also filed a reply in support of both his motion and his motion for leave to file his motion. Docket No. 26.

## <u>ARGUMENT</u>

### I. Plaintiff's Motion for Leave is Superfluous

Plaintiff's motion seeks to file a motion that he has already filed, attaching that motion as Exhibit A. Docket No. 24 at 1, 2, 7, 12; Docket No. 24-1. "[I]t is unnecessary and undesirable for litigants to file duplicative motions as Plaintiffs did here." *Moore v. Fed. Nat'l Mortg. Ass'n*, No. 25-326, 2025 WL 3855001, at *2 (W.D. Tex. Dec. 1, 2025), *R. & R. adopted*, 2026 WL 31137 (W.D. Tex. Jan. 3, 2026). "Litigants should wait for the Court to resolve a pending motion prior to filing a renewed motion that requests exactly the same relief." *Moore*, 2025 WL

3855001, at *2 (quoting *Gevas v. Ryker*, No. 10-493, 2011 WL 13585696, at *2 (S.D. Ill. Aug. 5, 2011)). Plaintiff's "motion for leave to file is moot" because "the motion requests permission to file a document that has already been filed." *Williams v. Mississippi*, No. 23-86, 2023 WL 3558157, at *3 (D. Minn. May 18, 2023); *see e.g.*, *Buoscio v. Jackson Nat. Life Ins. Co.*, No. 09-1133, 2010 WL 2034546, at *2 (S.D. Ohio Apr. 21, 2010), *R. & R. adopted*, 2010 WL 2034545 (S.D. Ohio May 21, 2010). For this reason alone, the Court can and should deny plaintiff's motion for leave to file his already filed motion.

## II. Plaintiff's Underlying Motion Remains Frivolous

Plaintiff's motion seeks leave to file a frivolous motion. As Samsung explained in its opposition to the underlying motion, that motion has no merit. *See generally* Docket No. 25. Plaintiff's reply in support of both the underlying motion and his motion for leave, Docket No. 26, neither addresses nor rebuts Samsung's arguments. Instead, plaintiff repeats arguments he has previously made (*see generally id.*), incorrectly accuses Samsung of "fraud upon the court" (*id.* at 4), and makes irrelevant assertions that fail to rebut Samsung's arguments in its motion to dismiss (*id.* at 5-8). Plaintiff's reply brief cannot save his complaint, and his accusations of fraud "were totally irresponsible and constituted flagrant violations of Rule 11." *Redd v. Fisher Controls*, 147 F.R.D. 128, 134 (W.D. Tex. 1993). The Court should deny plaintiff's motion for leave to file his frivolous motion for these reasons as well.

## III. The Court Should Defer Briefing and Resolution of Any Further Motions By Mr. Golden Until His Claims Have Survived a Motion to Dismiss

For the reasons Samsung has already explained, the Court should defer briefing and resolution of further motions by Mr. Golden until his claims have survived a motion to dismiss. *See* Docket No. 25 § II. Mr. Golden's filing of a meaningless motion for leave to file an already

filed and frivolous motion further supports Samsung's request. The Court should avoid further waste of judicial resources by ordering that Mr. Golden may only bring further motions once his complaint has survived a motion to dismiss.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court deny plaintiff's motion for leave to file a motion, and prohibit further briefing and defer resolution of any motions by plaintiff until his claims have survived a motion to dismiss.

Date: August 25, 2026

Respectfully submitted,

By: */s/ Melissa R. Smith*

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas, 75670
+1 (903) 934-8450
+1 (903) 934-9257 facsimile
Melissa@gillamsmithlaw.com

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that PRO SE is being served via First Class Mail and via email with a copy of this document on August 25, 2026.

*/s/ Melissa R. Smith*
Melissa R. Smith